1  **KATTEN MUCHIN ROSENMAN LLP**
Zia F. Modabber (SBN 137388)
2  zia.modabber@kattenlaw.com
Cory A. Baskin (SBN 240517)
3  cory.baskin@kattenlaw.com
2029 Century Park East, Suite 2600
4  Los Angeles, CA 90067-3012
Telephone: 310.788.4400
5  Facsimile:  310.788.4471

6  **KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP**
7  HOWARD WEITZMAN (SBN 38723)
hweitzman@kwikalaw.com
8  JEREMIAH T. REYNOLDS (SBN 223554)
jreynolds@kwikalaw.com
9  808 Wilshire Boulevard, 3rd Floor
Santa Monica, California  90401
10  Telephone: 310.566.9800
Facsimile:  310.566.9850

11

12  Attorneys for John Branca and John McClain,
Executors of the Estate of Michael J. Jackson,
13  Michael Jackson Company, LLC, MJJ
Productions, Inc. and Optimum Productions

14  **UNITED STATES DISTRICT COURT**

15  **CENTRAL DISTRICT OF CALIFORNIA**

16  **CENTRAL DIVISION**



CV 11 00584 - DDP (PJWx)

17  JOHN BRANCA AND JOHN MCCLAIN, Executors of the Estate of
18  Michael J. Jackson; MICHAEL JACKSON COMPANY, LLC, a
19  California Limited Liability Company; MJJ PRODUCTIONS, INC., a California
20  Corporation; OPTIMUM PRODUCTIONS, a California
21  Corporation,

22      Plaintiffs,

23      vs.

24  HOWARD MANN, an individual; SONIA LOWE, an individual; DC
25  NETCAST MEDIA GROUP, INC. an Unknown Corporation; VINTAGE POP
26  MEDIA GROUP, LLC, a California Limited Liability Company; VINTAGE

27

28

CASE NO.

**COMPLAINT FOR:**
1.  **COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 ET SEQ.)**
2.  **COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 ET SEQ.)**
3.  **COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 ET SEQ.)**
4.  **COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 ET SEQ.)**
5.  **FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(A))**
6.  **FALSE ENDORSEMENT (15 U.S.C. § 1125(A))**
7.  **CYBERSQUATTING (15 U.S.C. § 1125 (D))**
8.  **CYBER PIRACY (CAL. BUS. AND PROF. CODE § 17525 ET SEQ.)**
9.  **MISAPPROPRIATION OF LIKENESS (CAL. CIV. CODE § 3344.1)**

FILED
CLERK, U.S. DISTRICT COURT
JAN 20 2011
10:34
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

1

31527965_342439_00002

POP INC., an Unknown Corporation;
VINTAGE POP MEDIA, LLC, an
Unknown Limited Liability Company;
AND DOES 1-10,

       Defendants.

**10. DECLARATORY RELIEF**
**11. UNFAIR COMPETITION (CAL. BUS. AND PROF. CODE § 17200 ET SEQ.)**
**12. ACCOUNTING**

**DEMAND FOR JURY TRIAL**

Plaintiffs John Branca and John McClain, Executors of the Estate of Michael J. Jackson (the "Estate"), Michael Jackson Company, LLC, MJJ Productions, Inc., and Optimum Productions (collectively, "Plaintiffs"), allege for their Complaint against defendants Howard Mann, Sonia Lowe, DC NetCast Media Group Inc., Vintage Pop Media Group, LLC, Vintage Pop Media LLC and Vintage Pop Inc. (collectively, "Defendants") as follows:

## INTRODUCTION

1.    Plaintiffs bring this action to remedy Defendants' wholesale misappropriation of intellectual property assets created and cultivated by the late Michael Jackson ("Jackson"), and now owned and/or controlled by his Estate.  In a manner that can only be described as an arrogant disregard for the Estate's rights and the law, Defendants built a website whose sole purpose is to exploit the name, likeness, image, copyrights, trademarks and goodwill of Michael Jackson through products they sell for their own profit.  This website -- using the URLs "MichaelJacksonSecretVault.com" and "JacksonSecretVault.com" -- does absolutely everything in its power to suggest to its visitors that it is the hub for all things Michael Jackson, and that it is sanctioned and supported by the Estate, when in fact it is neither.  Instead, the website is rife with illegal uses of Michael Jackson intellectual property assets including, without limitation, photographs, copyrighted artwork, sound recordings and printed song lyrics.  The rampant misuse of these Estate assets has not only resulted in improper profits for Defendants and damage to the Estate, but to a virtual certainty has caused consumer confusion as to the origin, source, sponsorship

31527965_342439_00002

1  and/or endorsement of all of the products offered for sale on the website, and the

2  website itself.

3      2.    By this action, Plaintiffs ask this Court to: (a) award compensatory

4  damages to the Estate; (b) order disgorgement of Defendants' profits earned through

5  willful misappropriation of the Plaintiffs' assets; (c) impose punitive damages to

6  punish defendants for their wholesale disregard of the Plaintiffs' rights and deter them

7  from future similar conduct; (d) enter a declaratory judgment permanently fixing

8  Plaintiffs' rights and disposing of Defendants'; and (e) enjoin Defendants from any

9  further improper use of Plaintiffs' property.

10  

## THE PARTIES

11      3.    Plaintiffs John Branca and John McClain are individuals residing in the

12  County of Los Angeles, State of California, who have been appointed as the Executors

13  of the Estate. Plaintiffs advertise, market, publish and sell various products utilizing

14  Jackson's intellectual property assets, and Messrs. Branca and McClain, as Co-

15  Executors of the Estate are charged with the responsibility of protecting and

16  preserving those assets.

17      4.    Since Michael Jackson's untimely death on June 25, 2009, and through

18  Messrs. Branca's and McClain's substantial efforts, there has been a marked increase

19  in sales of Jackson's music, memorabilia and a vast array of merchandise that derives

20  value from the use of his talents, name, likeness, image and goodwill.

21      5.    Plaintiff Michael Jackson Company, LLC is a Delaware limited liability

22  company organized and existing under the laws of the State of Delaware.

23      6.    Plaintiff  MJJ Productions, Inc., is a California Corporation organized

24  and existing under the laws of the State of California.

25      7.    Plaintiff Optimum Productions is a California corporation organized and

26  existing under the laws of the State of California.

27      8.    Plaintiffs are informed and believe, and on that basis allege, that

28  defendant Howard Mann is currently residing and doing business in Los Angeles

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

31527965_342439_00002

1  County, California and is the CEO of 121 Gaming Inc., the company behind an online

2  nude gambling website known as GrandNevada.com.  Plaintiffs are further informed

3  and believe, and on that basis allege, that Mann is also the Chief Executive Officer of

4  defendant Vintage Pop Media Group, LLC ("VPM").

5       9.    Plaintiffs are informed and believe, and on that basis allege, that DC

6  NetCast Media Group, Inc. ("NetCast Media Group") is the domain name registrant

7  for "MichaelJacksonsecretvault.com", "jacksonsecretvault.com", "MJgives.com" and

8  "MJduets.com", and that Howard Mann is the Chairman/President of NetCast Media

9  Group.

10       10.    Plaintiffs are informed and believe, and on that basis allege, that

11  defendant Sonia Lowe is currently residing and doing business in the County of Los

12  Angeles, State of California.  Plaintiffs are further informed and believe, and on that

13  basis allege, that Lowe is the Creative Director and co-creator of the Book (described

14  below), as well as the "Web Editor" of www.jacksonsecretvault.com.

15       11.    Plaintiffs are informed and believe, and on that basis allege, that

16  defendant VPM is a California Limited Liability Company having its principal place

17  of business at 20434 South Santa Fe Avenue, Long Beach, California, 90810.  The

18  Estate is further informed and believes that VPM is, among other things, engaged in

19  the business of marketing and selling clothing, books, calendars, and other items

20  bearing the image, name, and likeness of Jackson at the website

21  www.jacksonsecretvault.com, which may also be accessed via

22  www.michaeljacksonsecretvault.com.

23       12.    Plaintiffs are informed and believe, and on that basis allege, that

24  defendants Vintage Pop Inc. ("VPI") and Vintage Pop Media, LLC are entities of

25  unknown type, but are credited on the inside cover of the Book as its copyright

26  owners.

27       13.    Plaintiffs are informed and believe, and on that basis allege, that at all

28  times herein mentioned, VPM, NetCast Media Group, VPI and Vintage Pop Media,

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

4

1    LLC, and each of them, was the alter ego of Howard Mann and/or one another, with

2    such a unity of interest and ownership between them that the individuality, or

3    separateness, of each of them has ceased, and the adherence to the fiction of their

4    separate existence would sanction fraud and/or promote injustice.

5        14.   Plaintiffs are currently unaware of the true names and capacities, whether

6    individual, corporate, associate or otherwise, of Defendants sued herein as Does 1

7    through 10, inclusive, and therefore sue these Defendants by such fictitious names.

8    Plaintiffs will seek leave of this Court to amend their complaint to allege the true

9    names and capacities of the fictitiously named Doe Defendants when their identities

10    have been ascertained.  Plaintiffs are informed and believe, and on that basis allege,

11    that each of the fictitiously named Doe Defendants is responsible in some manner for

12    the occurrences herein alleged, and that Plaintiffs' damages were proximately caused

13    by such Doe Defendants.

14        15.   Plaintiffs are informed and believe, and on that basis allege, that at all

15    times herein mentioned, each Defendant, including the fictitiously named Doe

16    Defendants, was the agent, affiliate, servant, employee, representative, partner, limited

17    partner, principal, aider and abettor, co-conspirator, and/or alter ego of the other

18    Defendants, and, in doing the things herein described, was acting within the course

19    and scope of such relationship, and with the permission and consent of each of the

20    other Defendants, and that each is responsible in some manner for the occurrences

21    herein alleged.

22                 **JURISDICTION AND VENUE**

23        16.   This complaint alleges copyright infringement arising under the

24    Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, and Lanham Act violations arising

25    under 15 U.S.C. § 1125(a). This Court has subject matter jurisdiction over the federal

26    question claims pursuant to 17 U.S.C. §§ 101 *et seq.*, 15 U.S.C. § 1125(a) and 28

27    U.S.C. §§ 1331 and 1338.  This complaint also alleges violations of California law.

28    This Court has jurisdiction over these state claims pursuant to its supplemental

Katten
KattenMuchinRosenmanLLP
1999 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

1   jurisdiction, 28 U.S.C. § 1367(a) in that the claims are so related to the above federal

2   claim that they form part of the same case or controversy.

3       17.    This Court has personal jurisdiction over the Defendants in that the acts

4   complained of herein occurred in the Central District of California.   In addition,

5   Plaintiffs are informed and believe and on that basis allege that Defendants reside in

6   and are doing business in the State of California and in this judicial district

7       18.    Venue is proper in this district under 28 U.S.C. §§ 1391(a), (b) and (c).

8                              **GENERAL ALLEGATIONS**

9       19.    Jackson was a world famous recording artist and entertainer.   Jackson's

10  album *Thriller* is the best-selling album of all time.   His other records, including *Off*

11  *the Wall* (1979), *Bad* (1987), *Dangerous* (1991), and *HIStory* (1995), also rank among

12  the world's best-selling.   Jackson was inducted into the Rock and Roll Hall of Fame

13  twice and was the recipient of 13 Grammy Awards and 26 American Music Awards

14  (more than any other artist, including the "Artist of the Century").   Jackson had 13

15  number-one singles in the United States in his solo career, and is estimated to have

16  sold over 800 million records worldwide.   Jackson died suddenly on June 25, 2009.

17      20.    Plaintiffs have not granted licenses or permission to use any Estate assets

18  to Defendants.

19                                **The Website**

20      21.    To market, promote, distribute, and sell the numerous items bearing

21  Jackson's name, likeness, and image, such as calendars and t-shirts and the Book,

22  Defendants created the website "www.jacksonsecretvault.com." (A true copy of the

23  home page of the website is attached hereto as "Exhibit A" and incorporated by this

24  reference.)   One or more of the Defendants also registered the domain name

25  "MichaelJacksonsecretvault.com," which links directly to web pages offering all the

26  items described herein for sale.

27      22.    Jackson's world famous name and image are prominently displayed

28  throughout the website for the direct purpose of suggesting (if not outright stating) to

1   the purchasing public that his Estate has endorsed, participated in or sponsored the

2   creation of the products offered for sale on the website.

### *This Is It*

4         23.    Jackson intended to perform a concert tour scheduled to begin in July

5   2009 and held at the O2 Arena in London, England.  The name for the tour was "This

6   Is It."  Jackson died only three weeks before the sold-out concert series was set to

7   begin.   In October 2009, Sony Pictures Entertainment released a motion picture

8   entitled *This Is It* , which utilized video footage shot during rehearsals for the planned

9   concerts.  The film proved to be a major hit, reportedly becoming the highest grossing

10   concert movie and documentary ever released.

11        24.    Without permission, Defendants copied and misappropriated clips,

12   artwork and trailers from *This Is It* into their website, jacksonsecretvault.com.

13   Specifically, and by way of example, on the left side of the main page of the website

14   is the "key art" from *This Is It*.  The "key art" image shows Jackson in one of his

15   many signature dance poses: his hands raised above his head and his feet crossed in

16   front of him.  The words "Michael Jackson" are superimposed over this image.

17        25.    In the page of Defendants' website entitled "Vault Videos," Defendants

18   have posted various clips of *This Is It* from the film itself and movie trailers.   The

19   portion of the Defendants' website entitled "Photos" contains several photos that

20   appear to be screenshots taken from *This Is It*.

21        26.    Plaintiffs are informed and believe and on that basis allege that the

22   content of the website changes frequently, with old infringing items such as liner notes

23   from albums and cds removed, only to be replaced with new infringing items such as

24   unauthorized videos.

25        27.    Defendants do not own the rights to the film, artwork, trailers or any

26   other part of *This Is It*, copyright registrations for which are held by Michael Jackson

27   Company, LLC.  No defendant was ever given any permission to use these materials.

28   As such, Defendants' unauthorized exploitation of the film, artwork and trailers from

**Katten**
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

*This Is It* constitutes copyright infringement.

## False Endorsement of *Never Can Say Goodbye* (the "Book")

28.     In or about June 2010, Defendants published the Book.  As described by Defendants, the Book is "a 150-page high gloss coffee table book . . . [containing] never-before-seen photos of the late Michael Jackson, from his early years right up to the pinnacle of his reign as the King of Pop."  In addition to photographs of Jackson, the Book contains five hand drawn sketches that on information and belief were created and signed by Jackson during his lifetime.  Copyright registrations for these sketches are held in the name of the Estate.

29.     On the inside cover of the Book, Mann and Lowe receive "Created by" credit and Mann and VPM are credited as its publishers.  The Estate did not contribute to the content of the Book in any way, nor did it endorse, sponsor or even know of the Books existence and content until after it was published and made available for purchase by the public.  Nevertheless, in a calculated and deceitful effort to imply to the reader that the Estate cooperated with, participated in, sponsored and/or endorsed the Book, the inside cover gives "Special thanks to. . .The Estate of Michael Jackson," indicating and/or suggesting that the Estate might have cooperated or contributed in some fashion when in fact it did not.  This acknowledgement was not authorized by the Estate, nor was the Estate aware of its inclusion in the Book until acquiring a copy.

30.     Plaintiffs are informed and believe, and on that basis allege, that the website is the primary channel through which Defendants market and sell the Book.  Originally, Defendants charged $59.99 for the Book, and according to the home page as it appeared on July 1, 2010, Defendants sold 25,000 copies of the Book "in less than 48 hours."  Assuming Defendants were truthful in making this claim, they received $1.5 million in gross sales during just those two days.

## Unauthorized Promotion of "The Unveiling of the Jackson Secret Vault Lithographic Collection"

31.     On or about December 3, 2010, Defendants posted a print advertisement

Katten
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

31527965_342439 00002

on the website promoting "The Unveiling of the Jackson Secret Vault Lithographic Collection" scheduled to take place on December 10, 2010 in Beverly Hills, California. (A true copy of this advertisement is attached hereto as "Exhibit B" and incorporated by this reference.)

32.    Not only does this advertisement contain an unauthorized image of Michael Jackson to promote the event, it also states that "part of the proceeds of sales go to the Heal the World Foundation."  Heal the World Foundation was a charitable organization founded by Jackson, and for many years was closely associated in the public's mind with him.  However, there is presently no connection between the Estate and Heal the World Foundation.  (In fact, the Estate has obtained an injunction against those currently using the name from committing any acts calculated to cause purchasers to believe that there is any sponsorship of, approval by, or connection with the Estate.)

33.    By using Jackson's image and likeness to promote an event benefitting Heal the World Foundation, the advertisement appears intentionally designed to not only trade off of Jackson's name and personality rights by suggesting an association between the Estate and the Event, but also create an association between the Estate and Heal the World Foundation, where none exists.

34.    On or about December 8, 2010, the Estate personally delivered a letter to Defendants requesting that they cease and desist from trading off Jackson's name, image and likeness, and former association with the Heal the World Foundation, and correct their advertisements for "The Unveiling of the Jackson Secret Vault Lithographic Collection" to make it clear that the event was in no way endorsed by or connected with the Estate and/or the Heal the World Foundation.  Despite this demand, Plaintiffs are informed and believe that Defendants conduct continued unabated.

31527965_342439_00002

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

# FIRST CLAIM FOR RELIEF

## (Copyright Infringement (17 U.S.C. §§ 101 *et seq.*))

35. Plaintiffs incorporate by reference paragraphs 1 through 34 above, as though fully set forth herein.

36. The Estate, and Michael Jackson Company, LLC in particular, is the exclusive owner of film *This Is It*, including the copyrights to the film itself, trailers for the film and the "key art" from the film (including the image that appears on the cover of both the *This Is It* cd and dvd). (A true copy of the image is attached hereto as "Exhibit C" and incorporated by reference.)

37. The Estate has complied in all material respects with the Copyright Act of 1976, as amended, and all other laws governing copyright, including registration of the film, trailers and key art images.

38. Defendants had, and continue to have, access to *This Is It* and the trailers and key art associated therewith.

39. Defendants, without the permission or consent of the Estate, knowingly and willfully copied, reproduced and prepared derivative works based on the *This Is It* key art by incorporating them into their website. Specifically, and by way of example, on the left side of the main page of the website is the key art from *This Is It*. The key art image shows Jackson in one of his many signature dance poses: his hands raised above his head and his feet crossed in front of him. The words "Michael Jackson" are superimposed over this image. (A true copy of this image from Defendants' website is attached hereto as "Exhibit D" and incorporated by reference.)

40. In addition, in the page of Defendants' website entitled "Vault Videos," Defendants have posted various clips from the film *This Is It*, as well as trailers for the film. Defendants have posted these clips without the permission or consent of the Estate.

41. By reason of the foregoing, Defendants have willfully and intentionally infringed, and are continuing to willfully and intentionally infringe, the Estate's

1   property in utter disregard of and indifference to the rights of the Estate.

2       42.   As a result of the aforementioned infringement by Defendants, the Estate

3   has suffered, and will continue to suffer, damages in a currently unascertained

4   amount.  The Estate is entitled to statutory damages pursuant to 17 U.S.C. § 504(c)

5   and these statutory damages should be enhanced in accordance with 17 U.S.C. §

6   504(c)(2) because of Defendants' willful copyright infringement.  The Estate is also

7   entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

8       43.   The Estate has been and unless enjoined by this Court will continue to be,

9   damaged and irreparably harmed by Defendants' acts of infringement.   Such

10   irreparable harm constitutes an injury for which the Estate has no adequate remedy at

11   law.  Accordingly, the Estate is to injunctive relief pursuant to 17 U.S.C. § 502.

## SECOND CLAIM FOR RELIEF

### (Copyright Infringement (17 U.S.C. §§ 101 *et seq.*))

14       44.   Plaintiffs incorporate by reference paragraphs 1 through 43 above, as

15   though fully set forth herein.

16       45.   Sony Music Entertainment ("Sony Music") is the exclusive owner of the

17   sound recording of the song "Destiny", originally released on December 17, 1978 as

18   the fifth track on the album entitled *Destiny* by The Jacksons.  The song was also later

19   released as a single in 1979, and a 30th anniversary version of the album *Destiny*

20   (again containing the song "Destiny") was released by Sony Music on January 27,

21   2009.

22       46.   Sony Music has complied in all material respects with the Copyright Act

23   of 1976, as amended, and all other laws governing copyright, including registration of

24   the sound recording for the song "Destiny".

25       47.   Sony Music has assigned to the Estate the right to bring any and all

26   copyright claims relating to these Defendants' unauthorized use of the sound

27   recording of "Destiny".

28       48.   Defendants had, and continue to have, access to this sound recording.

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

11

49.   On or about November 5, 2010, Defendants released a song that they falsely represented to be a "previously unreleased" Michael Jackson song entitled "Opis None" by posting a link to the sound recording of this song on their website. Defendants' posting of this purportedly "unreleased" Michael Jackson song was picked up by news outlets worldwide and very likely drove unprecedented traffic to Defendants' website.

50.   The next day, following public outcry regarding the authenticity of "Opis None", Defendants publicly admitted that the song was not a "previously unreleased" Michael Jackson song, but a remake or remix of The Jacksons' song "Destiny". Nevertheless, rather than removing the link to the song, Defendants continued and continue to feature it prominently on the home page of their website directly next to their advertisements for the sale of the Book.   The link to the song contains an unauthorized image of Jackson and the following note from Defendants: "From the archives of Jackson Secret Vault, we'd like to present a free authentic remake MJ track for the fans."   Below the link, Defendants further state that "this is a dance remake created from the unreleased masters in the JacksonSecretVault.com archives." (A true copy of a screen shot of the referenced portion of the homepage of Defendants' website is attached hereto as "Exhibit E" and incorporated by reference.)

51.   Defendants do not own the copyright to the sound recording for this song, and neither Sony Music nor the Estate have authorized the use of Jackson's recorded vocal performance on Defendants' website or anywhere else.

52.   By reason of the foregoing, Defendants have willfully and intentionally infringed, and are continuing to willfully and intentionally infringe, the Estate's property in utter disregard of and indifference to the rights of the Estate, and for the purpose of promoting, marketing, and selling the products offered for sale on the website, including the Book.

53.   As a result of the aforementioned infringement by Defendants, the Estate has suffered, and will continue to suffer, damages in a currently unascertained

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

31527965_342439_00002

1   amount.  The Estate is entitled to statutory damages pursuant to 17 U.S.C. § 504(c)

2   and these statutory damages should be enhanced in accordance with 17 U.S.C. §

3   504(c)(2) because of Defendants' willful copyright infringement.  The Estate is also

4   entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

5       54.    The Estate has been, and unless enjoined by this Court will continue to

6   be, damaged and irreparably harmed by Defendants' acts of infringement.   Such

7   irreparable harm constitutes an injury for which the Estate has no adequate remedy at

8   law.  Accordingly, the Estate is to injunctive relief pursuant to 17 U.S.C. § 502.

9   **THIRD CLAIM FOR RELIEF**

10   **(Copyright Infringement (17 U.S.C. §§ 101 *et seq*.))**

11       55.    Plaintiffs incorporate by reference paragraphs 1 through 54 above, as

12   though fully set forth herein.

13       56.    The Estate, and MJJ Productions, Inc. in particular, is the exclusive

14   owner of the video tracks including sounds embodied in the 25th Anniversary Edition

15   dvd of Michael Jackson's *Thriller*.

16       57.    The Estate, and MJJ Productions, Inc. in particular, is also the exclusive

17   owner of the liner notes accompanying the 25th Anniversary Edition cd release of

18   Michael Jackson's *Thriller*.

19       58.    The Estate has complied in all material respects with the Copyright Act

20   of 1976, as amended, and all other laws governing copyright, including registration of

21   the above video tracks and liner notes.

22       59.    Defendants had, and continue to have, access to the 25th Anniversary

23   Edition dvd and cd of Michael Jackson's *Thriller*.

24       60.    Defendants, without the permission or consent of the Estate, knowingly

25   and willfully copied, reproduced and posted to their website video from the 25th

26   Anniversary Edition *Thriller* dvd and the liner notes from the 25th Anniversary

27   Edition *Thriller* cd.  (A true copy of a screen shot of the referenced portion of the "In

28   the Spotlight" page of Defendants' website is attached hereto as "Exhibit F" and

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

1    incorporated by reference.)

2      61.    Defendants do not own copyrights to the posted video track or liner

3    notes, and the Estate has not authorized their use by Defendants on Defendants'

4    website or anywhere else.

5      62.    By reason of the foregoing, Defendants have willfully and intentionally

6    infringed, and are continuing to willfully and intentionally infringe, the Estate's

7    property in utter disregard of and indifference to the rights of the Estate, and for the

8    purpose of promoting, marketing and selling the products offered for sale on the

9    website, including the Book.

10      63.    As a result of the aforementioned infringement by Defendants, the Estate

11    has suffered, and will continue to suffer, damages in a currently unascertained

12    amount. The Estate is entitled to statutory damages pursuant to 17 U.S.C. § 504(c)

13    and these statutory damages should be enhanced in accordance with 17 U.S.C. §

14    504(c)(2) because of Defendants' willful copyright infringement. The Estate is also

15    entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

16      64.    The Estate has been and unless enjoined by this Court will continue to be,

17    damaged and irreparably harmed by Defendants' acts of infringement. Such

18    irreparable harm constitutes an injury for which the Estate has no adequate remedy at

19    law. Accordingly, the Estate is to injunctive relief pursuant to 17 U.S.C. § 502.

20                     **FOURTH CLAIM FOR RELIEF**

21          **(Copyright Infringement (17 U.S.C. §§ 101 *et seq*.))**

22      65.    Plaintiffs incorporate by reference paragraphs 1 through 64 above, as

23    though fully set forth herein.

24      66.    Plaintiffs are informed and believe, and on that basis allege, that the

25    Book contains five drawings created by Jackson during his lifetime, entitled "Bubbles

26    Chair," "Key III," "Happy Gate," "Boy" and "We The People" (collectively, "the

27    Drawings"). (True and correct copies of the Drawings are attached hereto,

28    collectively, as "Exhibit G" and incorporated by this reference.) Four of the Drawings

14

are identified in the Book itself as "Original MJ art." Contrary to the statement in the Book, Plaintiffs are informed and believe, and on that basis allege, that no copyright interest in the Drawings belong to the "Jackson-Strong Alliance," and that the Estate is the owner of the copyrights for the Drawings with the exclusive right to reproduce and distribute them.

67.    The Estate has complied in all material respects with the Copyright Act of 1976, as amended, and all other laws governing copyright, including registration of the Drawings.

68.    Plaintiffs are informed and believe, and on that basis allege, that one or more of the Defendants had, and continue to have, access to the Drawings.

69.    Defendants, without the permission or consent of the Estate, knowingly and willfully copied, reproduced and prepared derivative works based on the Drawings by including them in the Book.

70.    By reason of the foregoing, Defendants have willfully and intentionally infringed, and are continuing to willfully and intentionally infringe, the Estate's property in utter disregard of and indifference to the rights of the Estate.

71.    As a result of the aforementioned infringement by Defendants, the Estate has suffered, and will continue to suffer, damages in a currently unascertained amount. The Estate is entitled to statutory damages pursuant to 17 U.S.C. § 504(c) and these statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2) because of Defendants' willful copyright infringement. The Estate is also entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

72.    The Estate has been, and unless enjoined by this Court will continue to be, damaged and irreparably harmed by Defendants' acts of infringement. Such irreparable harm constitutes an injury for which the Estate has no adequate remedy at law. Accordingly, the Estate is to injunctive relief pursuant to 17 U.S.C. § 502.

31527965_342439_00002

**FIFTH CLAIM FOR RELIEF**

**(False Designation of Origin (15 U.S.C. § 1125(A))**

73.    Plaintiffs incorporate by reference paragraphs 1 through 72 above, as though fully set forth herein.

74.    Defendants have also misappropriated Jackson's likeness and image in VPM's corporate logo.  The image used is known as the "Smooth Criminal Lean" (the "Lean"), named for a unique dance move performed by Jackson that was first displayed in the "Smooth Criminal" music video in 1988, which was a part of the movie "Moonwalker."  To execute the dance move, Jackson would lean forward at a 45 degree angle without bracing himself or taking a step forward.  The gravity defying dance move is an internationally recognizable symbol of Jackson.  To make the "V" in Defendants corporate "VPM" logo, a silhouette of Jackson doing the "Lean" is used for the left arm of the "V."

75.    A side by side comparison of the Lean (as used in an authentic Michael Jackson calendar, as well as from its use during a Michael Jackson performance), on the one hand, and VPM's logo – as displayed on its website as of July 1, 2010 – on the other, easily demonstrates the infringement:



76.    The Lean is unique and distinct, and has become a instantly recognizable reference to Jackson.  The Lean has enjoyed considerable goodwill, recognition, and

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

31527965_342439_00002

1   secondary meaning in commerce as associated uniquely with Jackson.

2       77.   At no time did Jackson or the Estate license or otherwise authorize

3   Defendants to use the Lean in any form or in any manner.  Indeed, the Estate formally

4   notified VPM in writing that it was using Jackson's name, likeness, and image without

5   the consent or authorization of the Estate, specifically with respect to use of the Lean

6   in VPM's logo.  The Estate demanded that VPM immediately cease its use of the Lean

7   as part of its corporate logo.  VPM's response was one of defiance, as it elected to

8   ignore the Estate's notification and instead continued to use the Lean, specifically

9   including its use in the Book.

10      78.   Defendants' unauthorized use of the Lean constitutes a false designation

11  of origin or a false description or representation pursuant to 15 U.S.C. § 1125(a), and

12  falsely indicates to the public that the products they sold, and sell, are authorized by,

13  affiliated with, or sponsored by the Estate.  Defendants have never been, and are not,

14  authorized to use the Lean, or any image or likeness of Jackson.

15      79.   Plaintiffs are informed and believe, and on that basis allege, that

16  Defendants committed the foregoing acts will full knowledge that they were

17  infringing upon the Estate's rights and with the intent to benefit commercially from an

18  association with Jackson and/or the Estate.

19      80.   The intentional nature of Defendants' aforementioned actions makes this

20  an exceptional case under 15 U.S.C. § 1117(a).

21      81.   The Estate has suffered actual injury as a direct and proximate result of

22  Defendants' wrongful acts.  Pursuant to 15 U.S.C. §§ 1125 and 1117, the Estate is

23  entitled to recover its actual damages, in an amount according to proof at trial,

24  together with its costs and attorneys' fees to the extent authorized by law.

25      82.   Furthermore, Defendants' continued infringement is greatly, irreparably,

26  and incalculably damaging to the Estate and will continue to damage the Estate unless

27  restrained by this Court, wherefore the Estate is without and adequate remedy at law.

28  Accordingly, the Estate is entitled to preliminary and permanent injunctive relief.

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

## SIXTH CLAIM FOR RELIEF

### (False Endorsement (15 U.S.C. § 1125(A))

83.   Plaintiffs incorporate by reference paragraphs 1 through 82 above, as though fully set forth herein.

84.   In a calculated and deceitful effort to imply to the reader that the Estate participated in, sponsored and/or endorsed the Book, the inside cover of the Book says "Special thanks to. . .The Estate of Michael Jackson," suggesting that the Estate might have cooperated with Defendants or contributed in some fashion to the making of the Book, when in fact it did not.

85.   Defendants' unauthorized acknowledgment of the Estate of Michael Jackson in the Book constitutes a false endorsement pursuant to 15 U.S.C. § 1125(a), in that it falsely indicates to the public, and/or is likely to confuse or deceive the public into believing, that the Book is authorized by, affiliated with, or sponsored by the Estate.  This acknowledgement was not authorized by the Estate, nor was the Estate aware of its inclusion in the Book until acquiring a copy.

86.   Plaintiffs are informed and believe, and on that basis allege, that Defendants committed the foregoing acts will full knowledge that they were infringing upon the Estate's rights and with the intent to benefit commercially from an association with Jackson and/or the Estate.

87.   The intentional nature of Defendants' aforementioned actions makes this an exceptional case under 15 U.S.C. § 1117(a).

88.   The Estate has suffered actual injury as a direct and proximate result of Defendants' wrongful acts.  Pursuant to 15 U.S.C. §§ 1125 and 1117, the Estate is entitled to recover its actual damages, in an amount according to proof at trial, together with its costs and attorneys' fees to the extent authorized by law.

89.   Furthermore, Defendants' continued infringement is greatly, irreparably, and incalculably damaging to the Estate and will continue to damage the Estate unless restrained by this Court, wherefore the Estate is without and adequate remedy at law.

31527965_342439_00002

1   Accordingly, the Estate is entitled to preliminary and permanent injunctive relief.

### SEVENTH CLAIM FOR RELIEF

### (Violation of 15 U.S.C. § 1125(d) (Federal Cybersquatting))

90.   Plaintiffs incorporate by reference paragraphs 1 through 89 above, as though fully set forth herein.

91.   The domain names "jacksonsecretvault.com", "MichaelJacksonsecretvault.com", "MJgives.com", and "MJduets.com" are hereinafter collectively referred to as the "Domain Names".

92.   According to the registrant information available at "Whois.com" DC NetCast Media Group has registered each of the Domain Names through GoDaddy.com, Inc.  On information and belief, Mann is the President of DC Netcast.

93.   Defendants' registration and/or use of the Domain Names and corresponding websites is likely to cause confusion among the consuming public, who will be wrongfully led to believe that the Estate is affiliated with Defendants and/or has approved of Defendants' use and registration of the Domain Names, as well as the contents contained on the websites at those Domain Names.

94.   Defendants' registrations and/or use of the Domain Names also dilutes the distinctiveness of the name and distinctive mark, MICHAEL JACKSON, and reduces the ability of the name and mark, MICHAEL JACKSON, to distinguish any goods and services offered by the Estate from the goods and services offered by others, including Defendants.

95.   Jackson's name is a distinctive and famous mark, and was a distinctive and famous mark at the time the Domain Names were registered, as set forth hereinbelow, and at all other times relevant hereto, pursuant to the Anti-cybersquatting Consumer Protection Act of 1999, 15 U.S.C. § 1125(d) (hereinafter the "Anti-cybersquatting Act"), and specifically Section 3002(a) thereof, 15 U.S.C. § 1125(d)(1).

96.   The Estate has no ability to control Defendants' use of the Domain

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax

1   Names, or the websites located thereat, nor does the Estate have any ability to control

2   the quality of the goods and services offered and sold by Defendants or information

3   contained on any of the websites located at the Domain Names, including information

4   pertaining to Jackson.

5     97. Plaintiffs are informed and believe, and on that basis allege, that

6   Defendants, and each of them, have had and continue to have, a bad faith intent to

7   profit from the name MICHAEL JACKSON and variations thereof, which is protected

8   as a famous and distinctive mark under Section 3002(a) of the Anti-cybersquatting

9   Act, 15 U.S.C. § 1125(d)(1).  Specifically, Defendants registered the Domain Names

10  without the prior knowledge, permission or consent of the Estate, and have undertaken

11  efforts to obtain a substantial profit from exploitation of the domain name.

12    98. The Estate is therefore entitled to a judgment from this Court compelling

13  Defendants to transfer all ownership in each of the Domain Names to the Estate

14  pursuant to Section 3002(a) of the Anti-cybersquatting Act, 15 U.S.C. §

15  1125(d)(1)(C).

16    99. The Estate is further entitled to a Preliminary and Permanent Injunction

17  enjoining Defendants from any use of the Domain Names, or any other variations

18  thereof, pursuant to Section 3003 of the Anti-cybersquatting Act, 15 U.S.C. § 1116(a).

19    100. The Estate is further entitled to a judgment from this Court awarding the

20  Estate all actual damages proximately caused by Defendants, or, in the alternative,

21  statutory damages in the amount of $100,000 per domain name, or as the Court

22  considers just, pursuant to Section 3003(b) of the Anti-cybersquatting Act, 15 U.S.C.

23  § 1117 (a) and (d).

## EIGHTH CLAIM FOR RELIEF

### (Cyber Piracy Under Cal. Bus. & Prof. Code §§ 17525 *et seq.*)

26    101. Plaintiffs incorporate by reference paragraphs 1 through 100 above, as

27  though fully set forth herein.

28    102. Under Cal. Bus. & Prof. Code § 17525, it is unlawful for a person, with a

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

bad faith intent to register, traffic in, or use a domain name, that is identical or confusingly similar to the personal name of a deceased personality.

103. Plaintiffs are informed and believe, and on that basis allege, that Defendants, and each of them, have had and continue to have, a bad faith intent to register, traffic in, and profit from the Domain Names, and are in fact doing so, specifically because they are confusingly similar to Jackson's name.

104. The Estate has no ability to control Defendants' use of the Domain Names, or the websites located thereat, nor does the Estate have any ability to control the quality of the goods and services offered and sold by Defendants or information contained on any of the websites located at the Domain Names, including information pertaining to Jackson.

105. Therefore, pursuant to Cal. Bus. & Prof. Code § 17528.5, in addition to injunctive relief, restitution and any other remedies available under law, the Estate is also entitled to an order transferring the Domain Names to the Estate.

## NINTH CLAIM FOR RELIEF

### (Misappropriation of Likeness (Cal. Civ. Code § 3344.1))

106. Plaintiffs incorporate by reference paragraphs 1 through 105 above, as though fully set forth herein.

107. Defendants have knowingly used Jackson's name, likeness and image for commercial gain, without authorization or consent. This includes using:

- Jackson's Lean as part of VPM's logo, which is prominently displayed on the inside cover of the Book as well as the website;

- Jackson's name, image (including photographs and videos) and likeness on and throughout the website to promote purchase of the Book and other items for sale by VPM; and,

- Jackson's image and likeness, and association (in the mind of the public) with the Heal the World Foundation, to promote the "Unveiling of the Jackson Secret Vault Lithographic Collection" and to sell purported items from this

**Katten**
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

21

1 "collection" on or about December 10, 2010.

2  108. Defendants did not, and do not, have the Estate's consent to use

3 Jackson's name, likeness or image for any purpose.

4  109. Defendants' use of Jackson's name, likeness and image was directly

5 connected to Defendants' commercial purpose in selling the Book, the purported

6 "Jackson Secret Vault Lithographic Collection" and other VPM products, and

7 promoting the use of www.jacksonsecretvault.com.

8  110. Defendants' further attempted to trade on Jackson's fame by advertising

9 that "part of the proceeds of sales [of the purported Jackson Secret Vault Lithographic

10 Collection] go the Heal the World Foundation."  Such promotion was intentionally

11 designed to raise money by trading off of Michael Jackson's well known, but former,

12 association with Heal the World Foundation.

13  111. Defendants' actions were malicious, fraudulent and oppressive, and

14 undertaken in conscious disregard of the Estate's rights.  The Estate is therefore

15 entitled to an award of punitive and exemplary damages in an amount sufficient to

16 punish Defendants and deter them from similar future conduct.

17  112. As a direct and proximate result of Defendants' conduct, the Estate is

18 entitled to damages, including statutory damages, and has incurred and will continue

19 to incur attorneys' fees in prosecuting this action, all of which are recoverable by the

20 Estate.

21        **TENTH CLAIM FOR RELIEF**

22         **(Declaratory Relief)**

23  113. Plaintiffs incorporate by reference paragraphs 1 through 112 above, as

24 though fully set forth herein.

25  114. An actual controversy has arisen between Plaintiffs and Defendants

26 regarding the parties' respective rights to reproduce and/or copy the items that Mann

27 and/or VPM have in their possession, custody or control.  Specifically, Plaintiffs are

28 informed and believe, and on that basis allege, that Mann and/or VPM have acquired

sound recordings (and perhaps other physical items) in which Jackson's performances are embodied and in which he may have either a sole or co-copyright interest. Plaintiffs contend that while Mann and/or VPM may have acquired copies or even masters of the recordings, they do not own Plaintiffs' copyright interest in the recordings, including the exclusive right to copy and distribute them. Plaintiffs further contend that Mann and/or VPM does not own the right to use the name, image, or likeness of Jackson in any form to promote and sell any good, service or product whatsoever. Plaintiffs are informed and believes, and on that basis alleges, that, Mann and/or VPM claim the right to reproduce, copy and distribute such items, and further claim the right to use the name, image or likeness of Jackson to promote and sell those (and other) items.

115.   Accordingly, there exists a *bona fide*, actual, and present practical need for a declaration of the rights between the parties.

116.   Plaintiffs desire a judicial declaration of the parties' respective rights as to the use of sound recordings (and other items) and the name, image and likeness of Jackson.

117.   Plaintiffs are entitled to a declaratory judgment to afford them relief from uncertainty with respect to the aforementioned rights.

## ELEVENTH CLAIM FOR RELIEF

### (Unfair Competition Under Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

118.   Plaintiffs incorporate by reference paragraphs 1 through 117 above, as though fully set forth herein.

119.   Defendants' conduct as alleged herein meets the "unlawfulness" prong of California Business and Professions Code Section 17200 *et seq.* which provides that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code." Defendants committed the

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

23

1   unlawful practices alleged in this Complaint by, among other things: (1) engaging in

2   copyright infringement; (2) engaging in trademark infringement; (3) engaging in cyber

3   squatting and/or cyber piracy; and (4) using Jackson's name and likeness in violation

4   of Civil Code Section 3344.1.

5       120.  Defendants have committed and continue to commit such unlawful

6   business acts or practices by operating the website www.jacksonsecretvault.com,

7   using the domain name www.michaeljacksonsecretvault.com and other names using

8   or incorporating Michael Jackson's name and/or initials in a manner that suggests his

9   involvement, endorsement or sponsorship, and all for the purpose of directing

10   consumers to purchase the Book and other products for Defendants' financial gain.

11       121.  Pursuant to California Business and Professions Code Section 17203, the

12   Estate seeks an order of this court enjoining the Defendants from continuing to

13   engage, use, or employ the unlawful business acts or practices complained of herein.

14       122.  Plaintiffs will be irreparably harmed and/or denied an effective and

15   complete remedy if such an order as requested herein is not granted.  The unlawful

16   acts and practices of Defendants, and each of them, as described herein, present a

17   serious threat to Plaintiffs.

18                **TWELFTH CLAIM FOR RELIEF**

19                    **(Accounting)**

20       123.  Plaintiffs incorporate by reference paragraphs 1 through 122 above, as

21   though fully set forth herein.

22       124.  Plaintiffs are informed and believe and on that basis allege that the

23   Defendants, and each of them, have received profits by virtue of their wrongful

24   conduct, as herein alleged.

25       125.  Plaintiffs are entitled to that portion of Defendants' profits attributable to

26   the unauthorized misappropriation of Jackson's name, image, photographs, likeness,

27   trademarks and sound recordings, including but not limited to, all sales and

28   exploitation of the Book and other items through Defendants' website

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

www.jacksonsecretvault.com (and any other unauthorized websites owned or operated by Defendants that trade on Jackson's fame), and, if applicable, all "membership fees" for the website(s).   The amount of these profits is presently unknown and cannot be ascertained without an accounting.   The accounting will show any profits due and owing to Plaintiffs based on Defendants' unlawful conduct.

**WHEREFORE, the Estate prays for judgment as follows:**

1.   **On The First Claim For Relief:**

- For all damages recoverable under the Copyright Act, including damages resulting from Defendants' infringement of the Estate's copyrights and profits attributable to Defendants' infringement in an amount to be determined at trial;

- For an accounting of all gains, profits and advantages Defendants derived, and continue to derive from their infringement of the Estate's copyrights;

- For disgorgement of all gains, profits and advantages Defendants derived and continue to derive from their infringement of the Estate's copyrights.   In addition, and/or in the alternative and at the Estate's election, for an award of enhanced statutory damages pursuant to 17 U.S.C. § 504(c);

- For recovery of the Estate's attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505;

- For an injunction directing Defendants, and their attorneys, representatives, agents and anyone acting in concert with them, to: (1) cease infringing the copyrights in any manner and publishing, displaying, disseminating, selling, marketing, or otherwise exploiting any materials or merchandise that infringes upon the copyrights; (2) refrain from representing to existing and prospective licensees, sublicensees and third parties that Defendants have the right or authority to administer, exploit, use, sell and/or grant licenses relating to *This Is It*; (3) refrain from interfering with the Estate's administration, control and exploitation of *This Is It*; (4) refrain from soliciting or accepting any money or other benefit derived from the exploitation of *This Is It*; (5) refrain from entering into license or sublicense

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

agreements relating to *This Is It*; (6) hold all funds paid to Defendants by any licensee, sublicense, society or any other party in constructive trust on behalf of the Estate, to the extent such funds are derived from the use or exploitation of any of the Estate's interests in *This Is It*.

2.      **On The Second Claim For Relief:**

•      For all damages recoverable under the Copyright Act, including damages resulting from Defendants' infringement of the Estate's copyrights and profits attributable to Defendants' infringement in an amount to be determined at trial;

•      For an accounting of all gains, profits and advantages Defendants derived, and continue to derive from their infringement of the Estate's copyrights;

•      For disgorgement of all gains, profits and advantages Defendants derived and continue to derive from their infringement of the Estate's copyrights. In addition, and/or in the alternative and at the Estate's election, for an award of enhanced statutory damages pursuant to 17 U.S.C. § 504(c);

•      For recovery of the Estate's attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505;

•      For an injunction directing Defendants, and their attorneys, representatives, agents and anyone acting in concert with them, to: (1) cease infringing the copyrights in any manner and publishing, displaying, disseminating, selling, marketing, or otherwise exploiting any materials or merchandise that infringes upon the copyrights; (2) refrain from representing to existing and prospective licensees, sublicensees and third parties that Defendants have the right or authority to administer, exploit, use, sell and/or grant licenses relating to the "Destiny" sound recording; (3) refrain from interfering with the Estate's administration, control and exploitation of the "Destiny" sound recording; (4) refrain from soliciting or accepting any money or other benefit derived from the exploitation of the "Destiny" sound recording; (5) refrain from entering into license or sublicense agreements relating to the Destiny" sound recording; (6) hold all funds paid to Defendants by any licensee,

1   sublicense, society or any other party in constructive trust on behalf of the Estate, to

2   the extent such funds are derived from the use or exploitation of the "Destiny" sound

3   recording.

4       3.   **On The Third Claim For Relief:**

5       •    For all damages recoverable under the Copyright Act, including damages

6   resulting from Defendants' infringement of the Estate's copyrights and profits

7   attributable to Defendants' infringement in an amount to be determined at trial;

8       •    For an accounting of all gains, profits and advantages Defendants

9   derived, and continue to derive from their infringement of the Estate's copyrights;

10      •    For disgorgement of all gains, profits and advantages Defendants derived

11  and continue to derive from their infringement of the Estate's copyrights. In addition,

12  and/or in the alternative and at the Estate's election, for an award of enhanced

13  statutory damages pursuant to 17 U.S.C. § 504(c);

14      •    For recovery of the Estate's attorneys' fees and costs of suit pursuant to

15  17 U.S.C. § 505;

16      •    For an injunction directing Defendants, and their attorneys,

17  representatives, agents and anyone acting in concert with them, to: (1) cease infringing

18  the copyrights in any manner and publishing, displaying, disseminating, selling,

19  marketing, or otherwise exploiting any materials or merchandise that infringes upon

20  the copyrights; (2) refrain from representing to existing and prospective licensees,

21  sublicensees and third parties that Defendants have the right or authority to

22  administer, exploit, use, sell and/or grant licenses relating to the 25th Anniversary

23  Edition *Thriller* dvd and cd; (3) refrain from interfering with the Estate's

24  administration, control and exploitation of the 25th Anniversary Edition *Thriller* dvd

25  and cd; (4) refrain from soliciting or accepting any money or other benefit derived

26  from the exploitation of the 25th Anniversary Edition *Thriller* dvd and cd; (5) refrain

27  from entering into license or sublicense agreements relating to the 25th Anniversary

28  Edition *Thriller* dvd and cd; (6) hold all funds paid to Defendants by any licensee,

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

1    sublicense, society or any other party in constructive trust on behalf of the Estate, to

2    the extent such funds are derived from the use or exploitation of any portion of the

3    25th Anniversary Edition *Thriller* dvd and cd.

4         **4.    On The Fourth Claim For Relief:**

5         •    For all damages recoverable under the Copyright Act, including damages

6    resulting from Defendants' infringement of the Estate's copyrights and profits

7    attributable to Defendants' infringement in an amount to be determined at trial;

8         •    For an accounting of all gains, profits and advantages Defendants

9    derived, and continue to derive from their infringement of the Estate's copyrights;

10        •    For disgorgement of all gains, profits and advantages Defendants derived

11   and continue to derive from their infringement of the Estate's copyrights;

12        •    In addition, and/or in the alternative and at the Estate's election, for an

13   award of enhanced statutory damages pursuant to 17 U.S.C. § 504(c);

14        •    For recovery of the Estate's attorneys' fees and costs of suit pursuant to

15   17 U.S.C. § 505;

16        •    For an injunction directing Defendants, and their attorneys,

17   representatives, agents and anyone acting in concert with them, to: (1) cease infringing

18   the copyrights in any manner and publishing, displaying, disseminating, selling,

19   marketing, or otherwise exploiting any materials or merchandise that infringes upon

20   the copyrights; (2) refrain from representing to existing and prospective licensees,

21   sublicensees and third parties that Defendants have the right or authority to

22   administer, exploit, use, sell and/or grant licenses relating to the images; (3) refrain

23   from interfering with the Estate's administration, control and exploitation of the

24   images; (4) refrain from soliciting or accepting any money or other benefit derived

25   from the exploitation of any of the images; (5) refrain from entering into license or

26   sublicense agreements relating to the images; (6) hold all funds paid to Defendants by

27   any licensee, sublicense, society or any other party in constructive trust on behalf of

28

31527965_342439_00002

Katten
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

the Estate, to the extent such funds are derived from the use or exploitation of any of the copyrighted images.

5. **On The Fifth Claim For Relief:**

- For all damages recoverable under the Lanham Act, including Defendants' profits and damages resulting from Defendants' false designation of origin in an amount to be determined at trial;

- For an accounting of all gains, profits and advantages Defendants derived, and continue to derive from their false designation of origin;

- For an award of treble the amount of actual damages suffered by the Estate;

- For an award of reasonable attorney's fees under 15 U.S.C. § 1117(a);

- For a preliminary and permanent injunction pursuant to the powers granted to the Court under 15 U.S.C. § 1116, directing Defendants, and their attorneys, representatives, agents and anyone acting in concert with them, to: (1) refrain from directly or indirectly using the Lean or any other mark similar to the Lean which are likely to cause confusion, mistake or to deceive; (2) refrain from representing to existing and prospective licensees, sublicensees and third parties that Defendants have the right or authority to administer, exploit, use, sell and/or grant licenses relating to the Lean; (3) refrain from interfering with the Estate's administration, control and exploitation of the Lean; (4) refrain from soliciting or accepting any money or other benefit derived from the exploitation of the Lean; (5) refrain from exploiting, selling or offering to sell or license the Lean; (6) refrain from entering into license or sublicense agreements relating to the Lean; and (7) hold all funds paid to Defendants by any licensee, sublicense, society or any other party in constructive trust on behalf of the Estate, to the extent such funds are derived from the use or exploitation of any Lean or any other asset of the Estate.

Katten
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

6. **On The Sixth Claim For Relief:**

• For all damages recoverable under the Lanham Act, including Defendants' profits and damages resulting from Defendants' false endorsement in an amount to be determined at trial;

• For an accounting of all gains, profits and advantages Defendants derived, and continue to derive from their false endorsement;

• For an award of treble the amount of actual damages suffered by the Estate;

• For an award of reasonable attorney's fees under 15 U.S.C. § 1117(a);

• For a preliminary and permanent injunction pursuant to the powers granted to the Court under 15 U.S.C. § 1116, directing Defendants, and their attorneys, representatives, agents and anyone acting in concert with them, to: (1) refrain from directly or indirectly acknowledging the Estate in connection with the Book or any other product in a fashion that is likely to confuse or deceive the public into believing that the Book (or any other product marketed or sold by Defendants) is authorized by, affiliated with, or sponsored by the Estate; (2) refrain from soliciting or accepting any money or other benefit derived from the false endorsement of the Estate; and (3) hold all funds paid to Defendants by any licensee, sublicense, society or any other party in constructive trust on behalf of the Estate, to the extent such funds are derived from the use or exploitation of any Lean or any other asset of the Estate.

7. **On The Seventh Claim For Relief:**

• For an order compelling the Defendants, and each of them, to transfer all ownership in each of the Domain Names to the Estate, pursuant to Section 3002(a) of the Anti-cybersquatting Act, 15 U.S.C § 1125(d)(1)(c);

• For an order of preliminary and permanent injunctive relief, enjoining Defendants, and each of them, and their agents and employees, from any use of the Domain Names and any other variations thereof, pursuant to Section 3003 of the Anti-cybersquatting Act, 15 U.S.C § 1116(a);

31527965_342439_00002

1    • For an award of all actual damages proximately caused by Defendants or,

2    in the alternative, statutory damages of $100,000 per infringing domain name, or as

3    the Court considers just, pursuant to Section 3003(b) of the Anti-cybersquatting Act,

4    15 U.S.C § 1117 (a) and (d).

5    8.    **On The Eighth Claim For Relief:**

6    • For all relief recoverable under California's Unfair Competition Law,

7    including, pursuant to Section 17535 of the California Business and Professions Code,

8    for disgorgement of any profits generated by Defendants as a result of their unfair,

9    unlawful and/or fraudulent activities, restitution of any funds obtained from, diverted

10   from or on account of the Estate, and any injunctive or other equitable relief the Court

11   deems just and appropriate to remedy and prevent further acts of unfair competition;

12   • For an order pursuant to Section 17528.5 of the California Business and

13   Professions Code transferring the Domain Names to the Estate.

14   9.    **On The Ninth Claim For Relief:**

15   • For all damages recoverable under California Civil Code Section 3344.1,

16   including the greater of statutory damages in the sum of $750 or general and special

17   damages in an amount to be determined at trial, according to proof;

18   • For an award of all profits earned by Defendants from their use of

19   Jackson's name, likeness, or image;

20   • For punitive damages;

21   • For a preliminary and permanent injunction to enjoin and restrain

22   Defendants from any further use of Jackson's name, likeness, or image, and from any

23   further conduct that suggests an association between the Estate and the Heal the

24   World Foundation;

25   • For attorneys' fees and costs.

26   10.   **On The Tenth Claim For Relief:**

27   For a declaration that: (1) Defendants have no copyright interest, and my not

28   distribute, reproduce and/or copy any sound recordings on which Michael Jackson

31

appears or performs; and (2) Defendants do not have the right to use the name, image, or likeness of Jackson to promote and sell any such items and that the Estate owns and controls all rights of publicity related to Michael Jackson.

11.   **On The Eleventh Claim For Relief:**

For all relief recoverable under California's Unfair Competition Law, including, pursuant to Section 17203 of the California Business and Professions Code, for disgorgement of any profits generated by Defendants as a result of their unfair, unlawful and/or fraudulent activities, restitution of any funds obtained from, diverted from or on account of the Estate, and any injunctive or other equitable relief the Court deems just and appropriate to remedy and prevent further acts of unfair competition.

12.   **On The Twelfth Claim For Relief:**

For a full and complete accounting from Defendants, and each of them, concerning all monies or other things of value received by Defendants in connection with the wrongful exploitation of Jackson's intellectual property, including without limitation, copyrights, trademarks and publicity rights.

13.   **On All Claims for Relief:**

A.   For interest on all amounts at the maximum legal rate;

B.   For attorneys fees as permitted by law, statute and/or contract;

32

31527965_342439_00002

C.   For costs of suit incurred herein; and

D.   For such other and further relief as the Court may deem just and proper.

Dated: January 20, 2011

KATTEN MUCHIN ROSENMAN LLP

By: _____
Zia F. Modabber
Attorneys for John Branca and John McClain,
Special Administrators of the Estate of Michael
J. Jackson

Dated: January 20, 2011

KINSELLA WEITZMAN ISER KUMP
& ALDISERT LLP

By: _____
Howard Weitzman          by ZFM
Attorneys for John Branca and John McClain,
Special Administrators of the Estate of Michael
J. Jackson

33

31527965_342439_00002

## DEMAND FOR JURY TRIAL

The Estate hereby demands trial by jury on all claims so triable.

Dated: January 20, 2011

KATTEN MUCHIN ROSENMAN LLP

By: _____
Zia F. Modabber
Attorneys for John Branca and John McClain
Special Administrators of the Estate of Michael
J. Jackson

Dated: January 20, 2011

KINSELLA WEITZMAN ISER KUMP
& ALDISERT LLP

By: _____
Howard Weitzman     by ZFM
Attorneys for John Branca and John McClain,
Special Administrators of the Estate of Michael
J. Jackson

34

31527965 342439_00002

# EXHIBIT A

## EXHIBIT A



# EXHIBIT B

## EXHIBIT B



# EXHIBIT C

## EXHIBIT C



# EXHIBIT D

# EXHIBIT D



# EXHIBIT E

# EXHIBIT E



# EXHIBIT F

# EXHIBIT F



# EXHIBIT G

# EXHIBIT G

## MJ DRAWINGS



Bubbles Chair ~M



Key III ~M



Happy Gate  ~MJ





We The People  —MJ