O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BRANCA AND JOHN McCLAIN, Executors of the Estate of Michael J. Jackson; MICHAEL JACKSON COMPANY, LLC, a California Limited Liability Company; MJJ PRODUCTIONS, INC., a California corporation; OPTIMUM PRODUCTIONS, a California corporation,<br><br>    Plaintiffs,<br><br>  v.<br><br>HOWARD MANN, an individual; SONIA LOWE, an individual; DC NETCAST MEDIA GROUP, INC., an unknown corporation; VINTAGE POP MEDIA GROUP, LLC, a California limited liability company; VINTAGE POP INC., an unknown corporation; VINTAGE POP MEDIA, LLC, an unknown limited liability company,<br><br>    Defendants.<br>_____ | Case No. CV 11-00584 DDP (PJWx)<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>[Motion filed on March 14, 2011] |

This matter comes before the court on defendants Howard Mann, Vintage Pop Media Group LLC, Vintage Pop, Inc., and DC Netcast

Media Group, Inc.'s (collectively "Defendants") Motion to Dismiss. Plaintiffs John Branca and John McClain, Executors of the Estate of Michael Jackson (collectively "Plaintiffs") oppose Defendants' Motion to Dismiss. After reviewing the materials submitted by the parties, considering the arguments therein, and hearing oral arguments, the court DENIES the motion.

**I.  Background**

On January 10, 2002, property – including various memorabilia items – stored in a Michael Jackson family storage unit was sold at a public auction held in Federal Bankruptcy court. (Def.'s Motion 2:4-5.) Ultimately Defendants purchased the storage unit property. (Id. 2:24-26.) Defendants are engaged in a business that includes marketing and selling items – including artwork, books, photographs, sound recordings and other memorabilia – bearing the name, image and likeness of Michael Jackson. (Comp. ¶ 1.) Defendants are also the owners of the websites "MichaelJacksonSecretVault.com" and "JacksonSecretVault.com (hereafter referred to collectively as "the Website"). (Id.)

In 2004, Michael Jackson filed suit against Vacarro and Vintage Pop (among others). (Def.'s Motion 3:5-6.) Michael Jackson's 2004 lawsuit was dismissed for failure to prosecute. (Pl.'s Opp'n 1:8). Thereafter, the contents of the storage unit were posted for sale on the Website, which is currently run by Vintage Pop Media Group, LLC ("VPM").[1] (Comp. ¶ 8.) Aside from Jackson memorabilia, the Website also posted a remix of "Destiny," a song originally released in 1978 by The Jacksons as well as video

---

[1]  Howard Mann is the Chief Executive Officer of VPM. (Id.) Mann is also the President of NetCast Media Group. (Id. ¶ 9.)

2

and music and liner notes from the 25th Anniversary DVD of Thriller. (Id. ¶¶ 56-62.)  The "V" in the "VPM" corporate logo is stylized in a way that Plaintiffs allege copies the "distinctive Smooth Criminal 'Lean'." (Id. at ¶¶ 74-79.) Defendants are also the publishers of Katherine Jackson's coffee table book, Never Can Say Goodbye. (Id. ¶ 28.)  The book contains photographs of Michael Jackson and five original drawings created by and signed by Michael Jackson. (Id.)  The inside cover of the book gives special thanks to "The Estate of Michael Jackson;" Plaintiffs allege that the Estate did not contribute to or approve of the book. (Id. ¶ 29.)

    Plaintiffs filed a complaint on January 20, 2011, seeking damages and injunctive relief based on specific acts of alleged copyright infringement by Defendants. (Pl.'s Opp'n 2:13-14.) Plaintiffs also request declaratory relief regarding the parties' respective rights to reproduce and/or copy the items that Defendants have in their possession, custody, or control. (Id. ¶ 114.)  On February 22, 2011, Defendants moved this court to dismiss Plaintiffs' complaint.

**II. Legal Standard**

    Rule 8 of the Federal Rules of Civil Procedure "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A court need not accept as true conclusory allegations or allegations stating a legal conclusion. In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996); Iqbal v. Ashcroft, 129 S.Ct. 1937, 1940-41 (2009).  A court properly dismisses a complaint

3

on a Rule 12(b)(6) motion based upon the "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under the cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). The plaintiffs' obligation requires more than "naked assertions devoid of further factual enhancement." Iqbal, 129 S.Ct. at 1949 (internal quotations removed).

**III.  Discussion**

Defendants' Motion to Dismiss consists of two main arguments. First, Defendants argue that Plaintiffs' First, Second, Third, and Fourth copyright claims are barred by the safe harbor provision in the Online Copyright Infringement Liability Limitation Act ("OCILLA"), 17 U.S.C. § 512. Second, Defendants argue that Plaintiffs' remaining claims are barred by the doctrine of Res Judicata.

Section 512(c) states that a "service provider"[2] shall not be liable for infringement of copyright "by reason of the storage at the direction of a user" in instances where the service provider has "no actual knowledge" of the infringement and does "not receive a financial benefit directly attributable to the infringing activity." 17 U.S.C. § 512(c)(1)(A) and (B). Whether Defendants are "service providers" (which seems unlikely) is a question of

---

[2]  A service provider is defined in section 512(k)(1)(B) as:
> an entity offering the transmission, routing, or providing of connections for digital online communications, between or among points specified by a user, of material of the user's choosing, without modification to the content of the material as sent or received . . . the term service provider [also] means a provider of online services or network access, or the operator of facilities therefor . . .

U.S.C. § 512(k)(1)(A) and (B).

4

fact. The record, here, is undeveloped and must be more fully developed in order to determine whether Defendants are indeed entitled to the safe harbor provision of section 512(c). Defendants are, therefore, not entitled to dismissal of Plaintiffs' First through Fourth Claims for copyright infringement on this basis.

Next, Defendants argue that the 2004 lawsuit and the doctrine of res judicata precludes Plaintiffs from asserting any claims relating to "[a]ny rights, title and interest that Michael Jackson may have had concerning" the items on the Website or in Defendants' possession. (Pl.'s Opp'n 7:23-25.) "Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." Parklane Hoisery Co. v. Shore, 439 U.S. 322, 326 n. 5 (1979). In order to successfully assert res judicata, a defendant must establish: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003).

Whether there is an identity of claims or privity between the parties are factual disputes. The record in this case is undeveloped. While it appears that the claims in the 2004 lawsuit are distinct from the claims asserted in the present matter, further factual development is required to resolve the issue. Defendants are not entitled to dismissal on the basis of res judicata. The court declines to address Defendants' alternate and remaining grounds for dismissal because they involve disputed facts.

**IV. Conclusion**

For the reasons stated above, the court DENIES Defendants' Motion to Dismiss.

IT IS SO ORDERED.

Dated: April 19, 2011

DEAN D. PREGERSON
United States District Judge