O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BRANCA AND JOHN McCLAIN, Executors of the Estate of Michael J. Jackson; MICHAEL JACKSON COMPANY, LLC, a California Limited Liability Company; MJJ PRODUCTIONS, INC., a California corporation; OPTIMUM PRODUCTIONS, a California corporation,<br><br>          Plaintiff,<br><br>   v.<br><br>HOWARD MANN, an individual; SONIA LOWE, an individual; DC NETCAST MEDIA GROUP, INC., an unknown corporation; VINTAGE POP MEDIA GROUP, LLC, a California limited liability company; VINTAGE POP INC., an unknown corporation; VINTAGE POP MEDIA, LLC, an unknown limited liability company,<br><br>          Defendants.<br>_____ | Case No. CV 11-00584 DDP (PJWx)<br><br>**ORDER DENYING PETITIONERS' MOTION TO INTERVENE**<br><br>[Motion filed on 06/29/2011] |

    Frank C. Coonis and Frank Coonis Investigations, Inc. ("Petitioners") move the court for an order allowing them to

intervene in this action and to file a complaint in intervention. John Branca and John McClain, Executors of the Estate of Michael Jackson, et al. ("Plaintiffs") oppose the motion. After reviewing and considering the papers filed by the parties, the court DENIES the motion and adopts the following order.

**I.   Background**

In 1998, HVV Corporation, Henry V. Vaccaro, Sr., Henry v. Vaccaro, Jr., and Vintage Pop, Inc. (The "Vaccaro Defendants") retained Petitioners, who are private investigators, to locate assets owned by certain members of the Michael Jackson family. (Petitioner's Motion to Intervene 2:14-23.) Under the terms of the agreement reached between the Vaccaro Defendants and Petitioners, Petitioners were to receive 14% of any and all things of value recovered. (Id. 2:24-28.) The agreement also granted Petitioners a lien on the property in the amount of Petitioner's right to compensation. (Id. 3:4-5.)

Petitioners allege that they fully performed and accrued expenses in excess of $100,000. (Id. 3:6-9.) Among the things of value that Petitioners located was a 200 square foot storage facility in Oxnard, California, and, Petitioners allege, these items were seized by the Vaccaro Defendants to satisfy an outstanding judgment that they held against a Jackson corporation and several members of the Jackson family. (Id. 3:8-14.)

Petitioners contend that they were not paid for their services and they are now entitled to a 14% lien to all property they located. Petitioners further state that the property at issue in the current action is the same property they located in Oxnard.

Plaintiffs and Defendants in the present matter dispute entitlement to monies earned related to several of the items recovered from the Oxnard storage unit. Petitioners claim that their rights and interests are not adequately represented, but they share common questions of law and fact with the Plaintiffs and Defendants, and therefore Petitioners seek to intervene.

**II. Legal Standard**

To intervene as of right under Rule 24(a)(2), the applicant must demonstrate that: (1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest. See United States v. City of Los Angeles, 288 F.3d 391, 397 (9th Cir. 2002); Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998). The applicant-intervenor bears the burden of showing that all the requirements for intervention have been met. City of Los Angeles, 288 F.3d at 397.

In determining whether intervention is appropriate, courts are guided by practical and equitable considerations, and the requirements for intervention are broadly interpreted in favor of intervention. Donnelly, 159 F.3d at 409; Forest Conservation Council v. United States Forest Serv., 66 F.3d 1489, 1493 (9th Cir. 1995).

///

///

///

3

**II. Discussion**

    **A.    Intervention Is Not Appropriate Under Rule 24(a)(2)**

In order to meet the first requirement under Rule 24(a)(2), Petitioners must demonstrate that: 1) their interest is "protectable under some law" and 2) "there is a relationship between the legally protectable interest and the claims at issue." Southwest Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 818 (9th Cir. 2001).

In the present action, Petitioners contend that they have a legally protectable interest — created by an agreement with the Vaccaro Defendants'— in Defendants' property, and that a decision by this court may impair this interest. Because the court concludes that Petitioner's interest in payment related to the agreement reached with the Vaccaro Defendants is not at issue in this action and, furthermore, any related lien on property is not related to the underlying claims in the present action, the court denies intervention.

The court is aware that a non-speculative, economic interest may be sufficient to support a right of intervention. See, e.g., Arakaki v. Cayetano, 324 F.3d 1078, 1088 (9th Cir. 2003). To trigger a right of intervention, however, the economic interest must be related to the underlying subject matter of the action. California v. Tahoe Reg'l Planning Agency, 792 F.2d 779, 781 (9th Cir. 1986).

The present action was brought by executors of the Estate of Michael Jackson and concerns the "misappropriation of intellectual property assets . . . now owned and/or controlled by his estate." (Compl. Introduction.) In particular, Plaintiffs' complaint

alleges copyright infringement by Defendants for their use of art from the film <u>This Is It</u>; copyright infringement by Defendants for their use of the fifth track on the album <u>Destiny</u> by The Jacksons; copyright infringement for Defendants use of the liner notes, dvd, and cd of Michael Jackson's <u>Thriller</u>; copyright infringement for the use of drawings created by Michael Jackson; use of the "smooth criminal lean" in Defendants' logo; false endorsement on a book sold by Defendants; cybersquatting; and illegal use of Michael Jackson's name, image, and likeness. (Compl. ¶¶ 3-120.) Plaintiffs seek declaratory relief, damages, and an accounting of "that portion of Defendants' profits attributable to the unauthorized misappropriation of Jackson's name, image, photographs, likeness, trademarks and sound recordings . . . ." (Compl. ¶¶ 3-125.)

Petitioners' claims do not concern copyright nor do they allege misappropriation of the Michael Jackson image. Rather, Petitioners allege a contract with the Vaccaro Defendants and a resulting lien on property, some of which is now allegedly in the possession of Defendants. The Vaccaro Defendants and the validity of any contract between them and Petitioners is not at issue in the present action. Furthermore, the possible lien on property that may be in possession of one of the Defendants is not a sufficient basis for intervention in the present copyright dispute.

As the Ninth Circuit has explained, "[a] mere interest in property that may be impacted by litigation is not a passport to participate in the litigation itself. To hold otherwise would create a slippery slope where anyone with an interest in the property of a party to a lawsuit could bootstrap that stake into an

1 | interest in the litigation itself." United States v. Alisal Water
2 | Corp., 370 F.3d 915, 920 n.3 (9th Cir. 2004).
3 |     Furthermore, here, any lien rights held by Petitioners relate
4 | only to the Jackson family judgment debtors and their property, not
5 | to the Estate of Michael Jackson.
6 |     Finally, Petitioners' claims related to the Vaccaro
7 | Defendants' failure to pay Petitioners raises state law contract
8 | claims that are unrelated to the present action.  These claims are
9 | more appropriately raised in state court, and Petitioners can
10 | apprise themselves of any remedies they are due in that more
11 | appropriate venue.
12 |     Accordingly, the court concludes that the disposition of
13 | present copyright action will not impair or impede Petitioners'
14 | ability to protect their interest.  Furthermore, because
15 | Petitioners have failed to demonstrate a relationship between their
16 | interest and the claims at issue, it is inapposite that the
17 | existing parties do adequately represent Petitioners' interest.
18 | Accordingly, Petitioner's Motion to Intervene as of right is
19 | DENIED.
20 | **B. Permissive Intervention Is Not Appropriate**
21 |     Petitioners argue that even if they may not intervene as a
22 | matter of right, the court should permit them to intervene.  Under
23 | Rule 24, a court "may permit" a party to intervene who has (1)
24 | timely made a motion to intervene and (2) has a claim or defense
25 | that shares with the main action a common question of law or fact.
26 | Fed. R. Civ. Proc. 24(b)(1)(B).  Because Petitioners' claims do not
27 | relate to the subject matter of this action and no common questions
28 |

of law or fact exist, Petitioners' request for permissive intervention is DENIED.

**IV. Conclusion**

For the reasons stated above, Petitioners' Motion to Intervene is DENIED.

IT IS SO ORDERED.

Dated: August 2, 2011

DEAN D. PREGERSON
United States District Judge

7