1  Lee H. Durst, Esq., SBN 69704
2  THE DURST FIRM
   220 Newport Center Drive, Ste 11285
3  Newport Beach, California 92660
   TELEPHONE: 949-400-5068 FAX: 74-242-2096
4  Email: lee.durst@gmail.com
5
6  LARRY ROTHMAN & ASSOCIATES
   LARRY ROTHMAN – SBN 72451
7  City Plaza
   1 City Boulevard West, Suite 850
8  Orange, California 92868
   (714) 363 0220  Telephone
9  (714) 363 0229  Facsimile
   Email: tocollect@aol.com
10
11  Attorney for: Defendants
12
13
14
15            UNITED STATES DISTRICT COURT
16      CENTRAL DISTRICT OF CALIFORNIA – CENTRAL DIVISION
17
18  JOHN BRANCA AND JOHN MCCLAIN      Case No: CV 11-584 DDP (PJWx)
    EXECUTORS OF THE ESTATE OF
19  MICHAEL JACKSON                   [Hon. ~~Dean D. Pregerson~~ PATRICK J. WALSH
20            Plaintiff,
                                      **STIPULATED PROTECTIVE**
21      vs.                           **ORDER**
22  HOWARD MANN, ETC.
23
24
            Defendants.
25
26
27
28

────────────────────────────────────────
                      1

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, plaintiffs John Branca and John McClain, Executors of the Estate of Michael J. Jackson (the "Estate"), Michael Jackson Company, LLC, MJJ Productions, Inc., and Optimum Productions (collectively, "Plaintiffs"), and defendants Howard Mann, Sonia Lowe, Vintage Pop Media Group, LLC, and Vintage Pop Inc. (collectively, "Defendants") (Plaintiffs and Defendants individually "Party" or collectively the "Parties"), hereby stipulate to and petition this court to enter the following Stipulated Protective Order ("Order"). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal. Instead, Civil Local Rule 79-5.1 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

2.    <u>DEFINITIONS</u>

2.1   <u>Counsel (without qualifier)</u>: Outside Counsel of Record and attorneys who are employees of a party to this action (as well as their support staff).

2.2   <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL".

2.3    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.4    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.5    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.6    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.7    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.8    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.9    Professional Vendors: persons or entities that provide litigation support services (e.g. photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.10   Protected Material: any Disclosure or Discovery Material that constitutes non-public information of confidential or sensitive nature, which is designated as "CONFIDENTIAL."

2.11   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order does not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

///

///

4

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection.   Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the applicable standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Except as specifically provided for herein, mass, indiscriminate, or routinized designations are not permitted.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2   Manner and Timing of Designations.   Except as otherwise provided in this Order, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for material other than testimony

The Producing Party should affix the legend "CONFIDENTIAL" to each page that contains protected material (or the exterior of a non-document).  If only a portion or portions of the material qualifies for protection, the Producing Party also must clearly identify the protected portion(s).  If the Producing Party is making documents or materials available for inspection it may deem all material "CONFIDENTIAL" for purposes of the inspection and after the inspecting Party has identified which material it wants copied and produced, the Producing Party

must determine which documents, or portions thereof, qualify for protection under this Order.

(b) for testimony given in deposition or other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceedings, all protected testimony.

5.3 Inadvertent Failure to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6, CHALLENGING CONFIDENTIALITY DESIGNATIONS

Each Party reserves the right to dispute the designation by any other Party or Non-Party as "CONFIDENTIAL." If the Parties (and Non-Party, if applicable) are unable to resolve the matter informally, in compliance with applicable Local Rules, the Party objecting to the designation may then file an appropriate motion with the Court. The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12 below (FINAL DISPOSITION).

/ / /

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors and employees (including attorneys who are employees) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement to Be Bound" (Exhibit A);

(d) the court and its personnel, including court reporters;

(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement To Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by

the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.   PROTECTED   MATERIAL   SUBPOENAED   OR   ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party.

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material.

9.   A NON-PARTY'S PROTECTED MATEIRAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the

remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

### 10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstances not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material. (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

### 11.   MISCELLANEOUS

11.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

11.2   Right to Assert Other Objections. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

11.3   Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.1 by requesting authorization to file under seal from the Court. Pursuant to Civil Local Rule 79-5.1, Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Prior to filing such a request with the Court, the

Receiving Party must inform the Designating Party in writing, identifying the specific Protected Material it seeks to file under seal. The Designating Party has 7 days from the time it receives such written notice to inform the Receiving Party that it will itself seek approval from the court to file the Protected Material under seal. If a Receiving Party's request (or Designating Party's request) to file Protected Material under seal pursuant to Civil Local Rule 79-5.1 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79.5 unless otherwise instructed by the court.

12.   FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that confirms that it has returned or destroyed all Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

/ / /

/ / /

/ / /

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: October **31**, 2011

KATTEN MUCHIN ROSENMAN LLP

By: _Tami Sims_
    Tami K. Sims
Attorneys for John Branca and John
McClain, Executors of the Estate of Michael
J. Jackson, Michael Jackson Company,
LLC, MJJ Productions, Inc. and Optimum
Productions

Dated: October **31**, 2011

THE DURST FIRM

By:_____
    Lee H. Durst
Attorneys for Defendants Howard Mann,
Sonia Lowe, Vintage Pop Media Group,
LLC and Vintage Pop Inc.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED **11/2/11** _____
Honorable Patrick J. Walsh
United States Magistrate Judge

11

EXHIBIT A
ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name],

of _____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of Branca, et al. v. Mann, et al., case no: CV 11-584 DDP. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name], of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

12

# EXHIBIT A

Lee H. Durst, Esq., SBN 69704
THE DURST FIRM
220 Newport Center Drive, Ste 11285
Newport Beach, California 92660
TELEPHONE: 949-400-5068 FAX: 74-242-2096
Email: lee.durst@gmail.com

LARRY ROTHMAN & ASSOCIATES
LARRY ROTHMAN – SBN 72451
City Plaza
1 City Boulevard West, Suite 850
Orange, California 92868
(714) 363 0220  Telephone
(714) 363 0229  Facsimile
Email: tocollect@aol.com

Attorney for: Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – CENTRAL DIVISION

| | |
|---|---|
| JOHN BRANCA AND JOHN MCCLAIN EXECUTORS OF THE ESTATE OF MICHAEL JACKSON<br><br>Plaintiff,<br><br>vs.<br><br>HOWARD MANN, ETC.<br><br><br>Defendants. | Case No: CV 11-584 DDP (PJWx)<br><br>[Hon. Dean D. Pregerson]<br><br>**STIPULATED PROTECTIVE ORDER** |

1

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, plaintiffs John Branca and John McClain, Executors of the Estate of Michael J. Jackson (the "Estate"), Michael Jackson Company, LLC, MJJ Productions, Inc., and Optimum Productions (collectively, "Plaintiffs"), and defendants Howard Mann, Sonia Lowe, Vintage Pop Media Group, LLC, and Vintage Pop Inc. (collectively, "Defendants") (Plaintiffs and Defendants individually "Party" or collectively the "Parties"), hereby stipulate to and petition this court to enter the following Stipulated Protective Order ("Order").  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.   The Parties further acknowledge, as set forth in Section 12.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal. Instead, Civil Local Rule 79-5.1 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

2.   DEFINITIONS

2.1   Counsel (without qualifier): Outside Counsel of Record and attorneys who are employees of a party to this action (as well as their support staff).

2.2   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL".

2

2.3   Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.4   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.5   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.6   Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.7   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.8   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.9   Professional Vendors: persons or entities that provide litigation support services (e.g. photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.10   Protected Material: any Disclosure or Discovery Material that constitutes non-public information of confidential or sensitive nature, which is designated as "CONFIDENTIAL."

2.11   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order does not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

/ / /

/ / /

4

5.     <u>DESIGNATING PROTECTED MATERIAL</u>

      5.1    <u>Exercise of Restraint and Care in Designating Material for</u> <u>Protection</u>.   Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the applicable standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Except as specifically provided for herein, mass, indiscriminate, or routinized designations are not permitted.

      If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

      5.2    <u>Manner and Timing of Designations</u>.   Except as otherwise provided in this Order, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

      Designation in conformity with this Order requires:

      (a) <u>for material other than testimony</u>

      The Producing Party should affix the legend "CONFIDENTIAL" to each page that contains protected material (or the exterior of a non-document). If only a portion or portions of the material qualifies for protection, the Producing Party also must clearly identify the protected portion(s). If the Producing Party is making documents or materials available for inspection it may deem all material "CONFIDENTIAL" for purposes of the inspection and after the inspecting Party has identified which material it wants copied and produced, the Producing Party

must determine which documents, or portions thereof, qualify for protection under this Order.

(b) for testimony given in deposition or other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceedings, all protected testimony.

5.3   Inadvertent Failure to Designate.   If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6,   CHALLENGING CONFIDENTIALITY DESIGNATIONS

Each Party reserves the right to dispute the designation by any other Party or Non-Party as "CONFIDENTIAL."  If the Parties (and Non-Party, if applicable) are unable to resolve the matter informally, in compliance with applicable Local Rules, the Party objecting to the designation may then file an appropriate motion with the Court.   The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles.   A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12 below (FINAL DISPOSITION).

/ / /

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors and employees (including attorneys who are employees) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement to Be Bound" (Exhibit A);

(d) the court and its personnel, including court reporters;

(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement To Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.   Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by

the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party.

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material.

9.   A NON-PARTY'S PROTECTED MATEIRAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the

8

remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstances not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material. (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

11.  MISCELLANEOUS

11.1  Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

11.2  Right to Assert Other Objections.  By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

11.3  Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.1 by requesting authorization to file under seal from the Court. Pursuant to Civil Local Rule 79-5.1, Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Prior to filing such a request with the Court, the

Receiving Party must inform the Designating Party in writing, identifying the specific Protected Material it seeks to file under seal. The Designating Party has 7 days from the time it receives such written notice to inform the Receiving Party that it will itself seek approval from the court to file the Protected Material under seal. If a Receiving Party's request (or Designating Party's request) to file Protected Material under seal pursuant to Civil Local Rule 79-5.1 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79.5 unless otherwise instructed by the court.

12. <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that confirms that it has returned or destroyed all Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

/ / /

/ / /

/ / /

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3  Dated: October 31, 2011        KATTEN MUCHIN ROSENMAN LLP

4                                 By: _Tami Sims_____

5                                    Tami K. Sims

6                                 Attorneys for John Branca and John
                                  McClain, Executors of the Estate of Michael
7                                 J. Jackson, Michael Jackson Company,
                                  LLC, MJJ Productions, Inc. and Optimum
8                                 Productions

9

10 Dated: October 31, 2011        THE DURST FIRM

11                                By: _____

12                                   Lee H. Durst

13                                Attorneys for Defendants Howard Mann,
                                  Sonia Lowe, Vintage Pop Media Group,
14                                LLC and Vintage Pop Inc.

15 PURSUANT TO STIPULATION, IT IS SO ORDERED.

16

17

18 DATED_____

19                    _____
                      Honorable Patrick J. Walsh
20                    United States Magistrate Judge

21

22

23

24

25

26

27

28

                                    11

# EXHIBIT A
## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name],

of _____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of Branca, et al. v. Mann, et al., case no: CV 11-584 DDP. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name], of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

12

Lee H. Durst, Esq., SBN 69704
THE DURST FIRM
220 Newport Center Drive, Ste 11285
Newport Beach, California 92660
TELEPHONE: 949-400-5068 FAX: 74-242-2096
Email: lee.durst@gmail.com

LARRY ROTHMAN & ASSOCIATES
LARRY ROTHMAN – SBN 72451
City Plaza
1 City Boulevard West, Suite 850
Orange, California 92868
(714) 363 0220  Telephone
(714) 363 0229  Facsimile
Email: tocollect@aol.com

Attorney for: Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – CENTRAL DIVISION

| | |
|---|---|
| JOHN BRANCA AND JOHN MCCLAIN EXECUTORS OF THE ESTATE OF MICHAEL JACKSON<br><br>Plaintiff,<br><br>vs.<br><br>HOWARD MANN, ETC.<br><br><br>Defendants. | Case No: CV 11-584 DDP (PJWx)<br><br>[Hon. Dean D. Pregerson]<br><br>**STIPULATED PROTECTIVE ORDER** |

1

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, plaintiffs John Branca and John McClain, Executors of the Estate of Michael J. Jackson (the "Estate"), Michael Jackson Company, LLC, MJJ Productions, Inc., and Optimum Productions (collectively, "Plaintiffs"), and defendants Howard Mann, Sonia Lowe, Vintage Pop Media Group, LLC, and Vintage Pop Inc. (collectively, "Defendants") (Plaintiffs and Defendants individually "Party" or collectively the "Parties"), hereby stipulate to and petition this court to enter the following Stipulated Protective Order ("Order"). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal. Instead, Civil Local Rule 79-5.1 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

2.   DEFINITIONS

2.1   Counsel (without qualifier): Outside Counsel of Record and attorneys who are employees of a party to this action (as well as their support staff).

2.2   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL".

2.3     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.4     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.5     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.6     Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.7     Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.8     Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.9     Professional Vendors: persons or entities that provide litigation support services (e.g. photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.10   Protected Material: any Disclosure or Discovery Material that constitutes non-public information of confidential or sensitive nature, which is designated as "CONFIDENTIAL."

2.11   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order does not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

///

///

4

5.      DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection.   Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the applicable standards.   The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.   Except as specifically provided for herein, mass, indiscriminate, or routinized designations are not permitted.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations.   Except as otherwise provided in this Order, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for material other than testimony

The Producing Party should affix the legend "CONFIDENTIAL" to each page that contains protected material (or the exterior of a non-document).   If only a portion or portions of the material qualifies for protection, the Producing Party also must clearly identify the protected portion(s).   If the Producing Party is making documents or materials available for inspection it may deem all material "CONFIDENTIAL" for purposes of the inspection and after the inspecting Party has identified which material it wants copied and produced, the Producing Party

must determine which documents, or portions thereof, qualify for protection under this Order.

(b) for testimony given in deposition or other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceedings, all protected testimony.

5.3    Inadvertent Failure to Designate.    If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6,     CHALLENGING CONFIDENTIALITY DESIGNATIONS

Each Party reserves the right to dispute the designation by any other Party or Non-Party as "CONFIDENTIAL." If the Parties (and Non-Party, if applicable) are unable to resolve the matter informally, in compliance with applicable Local Rules, the Party objecting to the designation may then file an appropriate motion with the Court. The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.    A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12 below (FINAL DISPOSITION).

///

6

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors and employees (including attorneys who are employees) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement to Be Bound" (Exhibit A);

(d) the court and its personnel, including court reporters;

(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement To Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by

the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.   PROTECTED   MATERIAL   SUBPOENAED   OR   ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party.

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material.

9.   A NON-PARTY'S PROTECTED MATEIRAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the

remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

### 10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstances not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material. (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

### 11.    MISCELLANEOUS

11.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

11.2   Right to Assert Other Objections.  By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

11.3   Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.1 by requesting authorization to file under seal from the Court.  Pursuant to Civil Local Rule 79-5.1, Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Prior to filing such a request with the Court, the

Receiving Party must inform the Designating Party in writing, identifying the specific Protected Material it seeks to file under seal. The Designating Party has 7 days from the time it receives such written notice to inform the Receiving Party that it will itself seek approval from the court to file the Protected Material under seal. If a Receiving Party's request (or Designating Party's request) to file Protected Material under seal pursuant to Civil Local Rule 79-5.1 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79.5 unless otherwise instructed by the court.

12.   FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that confirms that it has returned or destroyed all Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

/ / /

/ / /

/ / /

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    Dated: October 31 , 2011          KATTEN MUCHIN ROSENMAN LLP

4                                      By: *Tami Sims*

5                                          Tami K. Sims

6                                      Attorneys for John Branca and John
                                       McClain, Executors of the Estate of Michael
7                                      J. Jackson, Michael Jackson Company,
                                       LLC, MJJ Productions, Inc. and Optimum
8                                      Productions

9

10   Dated: October 31, 2011          THE DURST FIRM

11                                     By:

12                                          Lee H. Durst
                                       Attorneys for Defendants Howard Mann,
13                                     Sonia Lowe, Vintage Pop Media Group,
                                       LLC and Vintage Pop Inc.

14

15   PURSUANT TO STIPULATION, IT IS SO ORDERED.

16

17

18   DATED_____

19                                     Honorable Patrick J. Walsh
                                       United States Magistrate Judge
20

21

22

23

24

25

26

27

28

                                          11

EXHIBIT A
ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name],

of _____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of Branca, et al. v. Mann, et al., case no: CV 11-584 DDP.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name], of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

12