**KATTEN MUCHIN ROSENMAN LLP**
Zia F. Modabber (SBN 137388)
 zia.modabber@kattenlaw.com
Tami Kameda Sims (SBN 245628)
 tami.sims@kattenlaw.com
Sara Karubian (SBN 266219)
 sara.karubian@kattenlaw.com
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone:  310.788.4400
Facsimile:  310.788.4471

**KINSELLA WEITZMAN ISER KUMP
& ALDISERT LLP**
Howard Weitzman (SBN 38723)
 hweitzman@kwikalaw.com
Jeremiah T. Reynolds (SBN 223554)
 jreynolds@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California  90401
Telephone:  310.566.9800
Facsimile:  310.566.9850

Attorneys for John Branca and John McClain,
Executors of the Estate of Michael J. Jackson,
Michael Jackson Company, LLC, MJJ
Productions, Inc. and Optimum Productions

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**CENTRAL DIVISION**

| | |
|---|---|
| JOHN BRANCA AND JOHN MCCLAIN, Executors of the Estate of Michael J. Jackson, et al., | CASE NO. CV-11-584 DDP (PJWx) |
| | [Hon. Dean D. Pregerson] |
| Plaintiffs, | |
| vs. | **THE PARTIES' [PROPOSED] SET OF JOINTLY-AGREED UPON JURY INSTRUCTIONS** |
| HOWARD MANN, an individual, et al., | |
| Defendants. | |
| Vintage Associates, LLC, | |
| Counter-Plaintiff, | |
| vs. | |
| John Branca, John McClain, Executors of the Estate of Michael Jackson, | |
| Counter-Defendants. | |

Katten
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

| Number | Title | Source | Page |
|---|---|---|---|
| 1. | Duty of Jury | Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 1.1B | 1 |
| 2. | Duty of Jury | Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 1.1C | 2 |
| 3. | Burden Of Proof—Clear And Convincing Evidence | Instruction No. 1.4, Ninth Circuit Manual of Model Jury Instructions – Civil (Jan. 2012 ed.). | 3 |
| 4. | What is Evidence | Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 1.6 | 4 |
| 5. | What is Not Evidence | Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 1.7 | 5 |
| 6. | Evidence For A Limited Purpose | Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 1.8 | 6 |
| 7. | Direct and Circumstantial Evidence | Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 1.9 | 7 |
| 8. | Ruling on Objections | Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 1.10 | 8 |
| 9. | Credibility of Witnesses | Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 1.11 | 9 |
| 10. | Conduct of the Jury | Instruction No. 1.12, Ninth Circuit Manual of Model Jury Instructions – Civil (Jan. 2012 ed.) | 10 |
| 11. | No Transcript Available to Jury | Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 1.13 | 12 |

i

**[PROPOSED] SET OF JOINTLY-AGREED UPON JURY INSTRUCTIONS**

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

| Number | Title | Source | Page |
|---|---|---|---|
| 12. | Taking Notes | Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 1.14 | 13 |
| 13. | Questions to Witnesses by Jurors | Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 1.15 | 14 |
| 14. | Bench Conferences and Recesses | Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 1.18 | 16 |
| 15. | Outline of Trial | Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 1.19 | 17 |
| 16. | Stipulated Testimony | Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 2.1 | 18 |
| 17. | Stipulations of Fact | Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 2.2 | 19 |
| 18. | Judicial Notice | Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 2.3 | 20 |
| 19. | Corporations And Partnerships—Fair Treatment | Instruction No. 4.1, Ninth Circuit Manual of Model Jury Instructions – Civil (Jan. 2012 ed.) | 21 |
| 20. | Deposition in Lieu of Live Testimony | Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 2.4 | 22 |
| 21. | Impeachment Evidence -- Witness | Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 2.8 | 23 |

| Number | Title | Source | Page |
|--------|-------|--------|------|
| 22. | Use of Interrogatories of a Party | Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 2.10 | 24 |
| 23. | Expert Opinion | Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 2.11 | 25 |
| 24. | Charts And Summaries Not Received In Evidence | Instruction No. 2.12, Ninth Circuit Manual of Model Jury Instructions – Civil (Jan. 2012 ed.) | 26 |
| 25. | Charts And Summaries In Evidence | Instruction No. 2.13, Ninth Circuit Manual of Model Jury Instructions – Civil (Jan. 2012 ed.) | 27 |
| 26. | Evidence in Electronic Format | Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 2.14 | 28 |
| 27. | Duty to Deliberate | Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 3.1 | 30 |
| 28. | Communication with Court | Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 3.2 | 31 |
| 29. | Return of Verdict | Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 3.3 | 32 |
| 30. | Additional Instructions of Law | Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 3.4 | 33 |
| 31. | Deadlocked Jury | Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 3.5 | 34 |

[PROPOSED] SET OF JOINTLY-AGREED UPON JURY INSTRUCTIONS

| Number | Title | Source | Page |
|--------|-------|--------|------|
| 32. | Damages - Proof | Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) Nos. 1.3, 5.1; Court's Order of August 10, 2012 | 35 |
| 33. | Preliminary Instruction—Trademark | Instruction No. 15.0, Ninth Circuit Manual of Model Jury Instructions – Civil (Jan. 2012 ed.) | 36 |
| 34. | Trademark Damages – Plaintiffs' Actual Damages (15 U.S.C. §1117(a)) | Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 15.25; *Playboy Enterprises, Inc. v. Baccarat Clothing Co., Inc.*, 692 F.2d 1272 (9th Cir. 1982) | 37 |
| 35. | Copyright – Damages (17 U.S.C. § 504) | Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 17.22 | 38 |
| 36. | Violation Of California Statute – Use Of Name Or Likeness | California Civil Jury Instructions 1804; 2003 edition | 39 |

iv
**[PROPOSED] SET OF JOINTLY-AGREED UPON JURY INSTRUCTIONS**

## COURT'S INSTRUCTION NO. 1.

### DUTY OF JURY (COURT READS INSTRUCTIONS ONLY)

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Source/Authority**:          Instruction No. 1.1B, Ninth Circuit Manual of Model Jury Instructions – Civil (Jan. 2012 ed.).

**Modification:**          Unmodified.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

## COURT'S INSTRUCTION NO. 2.

### Duty of Jury

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you as to the law of the case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

or

[A copy of these instructions will be sent with you to the jury room when you deliberate.]

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Source/Authority**:       Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 1.1C

**Modification:**             Yes, selected from optional language.

---

**COURT'S INSTRUCTION NO. 3.**

**Burden Of Proof—Clear And Convincing Evidence**

When a party has the burden of proving any <u>claim</u> or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

**Source/Authority:**          Instruction No. 1.4, Ninth Circuit Manual of Model Jury Instructions – Civil (Jan. 2012 ed.).

**Modification:**          N/A

**[PROPOSED] SET OF JOINTLY-AGREED UPON JURY INSTRUCTIONS**

**COURT'S INSTRUCTION NO. 4.**

**What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1 the sworn testimony of any witness;

2 the exhibits which are received into evidence; and

3 any facts to which the lawyers have agreed.


**Source/Authority**:          Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 1.6

**Modification:**                N/A

## COURT'S INSTRUCTION NO. 5.

### What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the [C]ourt was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Source/Authority:**       Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 1.7

**Modification:**              Yes, selected from optional language.

**[PROPOSED] SET OF JOINTLY-AGREED UPON JURY INSTRUCTIONS**

**COURT'S INSTRUCTION NO. 6.**

**Evidence For A Limited Purpose**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [describe purpose] and for no other purpose.]


**Source/Authority:**       Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 1.8

**Modification:**            Yes, selected from optional language.

## COURT'S INSTRUCTION NO. 7.

### Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Source/Authority:**         Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 1.9

**Modification:**          Yes, selected from optional language.

**[PROPOSED] SET OF JOINTLY-AGREED UPON JURY INSTRUCTIONS**

**COURT'S INSTRUCTION NO. 8.**

**Ruling on Objections**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Source/Authority**:          Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 1.10

**Modification:**          N/A

**[PROPOSED] SET OF JOINTLY-AGREED UPON JURY INSTRUCTIONS**

## COURT'S INSTRUCTION NO. 9.

### Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**Source/Authority:**        Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 1.11

**Modification:**        N/A

**[PROPOSED] SET OF JOINTLY-AGREED UPON JURY INSTRUCTIONS**

# COURT'S INSTRUCTION NO. 10.

## Conduct of the Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This also includes posting comments on Facebook, Twitter, Myspace, or any other social networking web site. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other

**[PROPOSED] SET OF JOINTLY-AGREED UPON JURY INSTRUCTIONS**

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.


**Source/Authority:**          Instruction No. 1.12, Ninth Circuit Manual of Model Jury Instructions – Civil (Jan. 2012 ed.).

**Modification:**               Modified to add reference to "Facebook, Twitter, Myspace, or any other social networking web site."

## COURT'S INSTRUCTION NO. 11.

### No Transcript Available to Jury

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

**Source/Authority:**      Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 1.13

**Modification:**            N/A

**[PROPOSED] SET OF JOINTLY-AGREED UPON JURY INSTRUCTIONS**

# COURT'S INSTRUCTION NO. 12.

## Taking Notes

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**Source/Authority:**        Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 1.14

**Modification:**            Yes, selected from optional language.

# COURT'S INSTRUCTION NO. 13.

## Questions to Witnesses by Jurors

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness. You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness. If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court. Do not sign the question. I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

*PROCEDURES*

*In the event the court allows jurors to submit questions for witnesses the committee recommends that judges use the following procedures:*

*At the conclusion of each witness's testimony, the court asks if jurors have written questions, which are brought to the judge;*

*Outside the presence of the jury, counsel are given the opportunity to make objections to the question or to suggest modifications to the question, by passing the*

**[PROPOSED] SET OF JOINTLY-AGREED UPON JURY INSTRUCTIONS**

Katten
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

1    *written question between counsel and the court during a side-bar conference or by*

2    *excusing jurors to the jury room;*

3          *The judge asks the question of the witness;*

4          *Counsel are permitted to ask appropriate follow-up questions; and*

5          *The written questions are made part of the record.*

6          *Each court is encouraged to develop a form for juror use. The form makes it*

7    *easier for the court to retain the question for inclusion in the court record.*

8    *The form should include the case name and number. Most of the form's page should*

9    *be set aside for the juror to use in writing the proposed question. A section should*

10   *also be reserved for the court to use in noting the date and time when the question was*

11   *proposed and noting whether the judge allowed the question to be asked, either as*

12   *proposed or as revised. The form may also be used to provide jurors with additional*

13   *information, or even just a reminder, about the procedures discussed in this*

14   *instruction.*

15

16   **Source/Authority:**        Manual of Model Civil Jury Instructions for the Ninth

17   Circuit (2007 ed.) No. 1.15

18   **Modification:**            N/A

19

20

21

22

23

24

25

26

27

28

Katten
KattenMuchinRosenman llp
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

## COURT'S INSTRUCTION NO. 14.

### Bench Conferences and Recesses

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Source/Authority:**       Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 1.18

**Modification:**       Yes, selected from optional language.

## COURT'S INSTRUCTION NO. 15.

### Outline of Trial

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Source/Authority:**       Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 1.19

**Modification:**       N/A

## COURT'S INSTRUCTION NO. 16.

### Stipulated Testimony

The parties have agreed what [witness]'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

**Source/Authority:**        Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 2.1

**Modification:**             Yes, selected from optional language.

**COURT'S INSTRUCTION NO. 17.**

**Stipulations of Fact**

The parties have agreed to certain facts [to be placed in evidence as Exhibits] [that will be read to you]. You should therefore treat these facts as having been proved.


**Source/Authority:**          Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 2.2

**Modification:**          Yes, selected from optional language.

**[PROPOSED] SET OF JOINTLY-AGREED UPON JURY INSTRUCTIONS**

# COURT'S INSTRUCTION NO. 18.

## Judicial Notice

The court has decided to accept as proved the fact that [state fact], even though no evidence has been introduced on the subject. You must accept this fact as true.

**Source/Authority:**        Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 2.3

**Modification:**        Yes, selected from optional language.

## COURT'S INSTRUCTION NO. 19.

### Corporations And Partnerships—Fair Treatment

All parties are equal before the law and a corporation or partnership is entitled to the same fair and conscientious consideration by you as any party.

**Source/Authority:**        Instruction No. 4.1, Ninth Circuit Manual of Model Jury Instructions – Civil (Jan. 2012 ed.)

**Modification:**        N/A

## COURT'S INSTRUCTION NO. 20.

### Deposition in Lieu of Live Testimony

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

The deposition of [witness] was taken on [date]. You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

**Source/Authority:**          Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 2.4

**Modification:**               Yes, selected from optional language.

**[PROPOSED] SET OF JOINTLY-AGREED UPON JURY INSTRUCTIONS**

# COURT'S INSTRUCTION NO. 21.

## Impeachment Evidence -- Witness

The evidence that a witness [lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**Source/Authority:**       Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 2.8

**Modification:**             Yes, selected from optional language.

**COURT'S INSTRUCTION NO. 22.**

**Use of Interrogatories of a Party**

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers [have been] [were] given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**Source/Authority:**          Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 2.10

**Modification:**          Yes, selected from optional language.

**[PROPOSED] SET OF JOINTLY-AGREED UPON JURY INSTRUCTIONS**

## COURT'S INSTRUCTION NO. 23.

### Expert Opinion

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Source/Authority:**          Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 2.11

**Modification:**              N/A

**[PROPOSED] SET OF JOINTLY-AGREED UPON JURY INSTRUCTIONS**

# COURT'S INSTRUCTION NO. 24.

## Charts And Summaries Not Received In Evidence

Certain charts and summaries not received in evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**Source/Authority:**       Instruction No. 2.12, Ninth Circuit Manual of Model Jury Instructions – Civil (Jan. 2012 ed.).

**Modification:**       N/A

# COURT'S INSTRUCTION NO. 25.

## Charts And Summaries In Evidence

Certain charts and summaries [may be] [have been] received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.


**Source/Authority:**          Instruction No. 2.13, Ninth Circuit Manual of Model Jury Instructions – Civil (Jan. 2012 ed.).

**Modification:**          N/A

## COURT'S INSTRUCTION NO. 26.

### Evidence in Electronic Format

Those exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. (Alternatively, you may request a paper copy of an exhibit received in evidence by sending a note through the [clerk] [bailiff].) If you need additional equipment or supplies, you may make a request by sending a note.

In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury. Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room [with [the clerk] [the bailiff] [me] present for the sole purpose of assuring that the only matter that is discussed is the technical problem.] When the court technician or any non-juror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to make sure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to

**[PROPOSED] SET OF JOINTLY-AGREED UPON JURY INSTRUCTIONS**

obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform me immediately and refrain from viewing such materials. Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

**Source/Authority:**        Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 2.14

**Modification:**                Yes, selected from optional language.

## COURT'S INSTRUCTION NO. 27.

### Duty to Deliberate

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Source/Authority:**     Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 3.1

**Modification:**     N/A

**[PROPOSED] SET OF JOINTLY-AGREED UPON JURY INSTRUCTIONS**

**COURT'S INSTRUCTION NO. 28.**

**Communication with Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**Source/Authority:** Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 3.2

**Modification:** N/A

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S INSTRUCTION NO. 29.**

**Return of Verdict**

A verdict form has been prepared for you. [Any explanation of the verdict form may be given at this time.] After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**Source/Authority:**        Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 3.3

**Modification:**            N/A

**[PROPOSED] SET OF JOINTLY-AGREED UPON JURY INSTRUCTIONS**

## COURT'S INSTRUCTION NO. 30.

### Additional Instructions of Law

At this point I will give you a further instruction. By giving a further instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this was read separately to you. You shall consider this instruction together with all of the other instructions that were given to you.

[Insert text of new instruction.]

You will now retire to the jury room and continue your deliberations.

**Source/Authority:**        Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 3.4

**Modification:**        Yes, selected from optional language.

Katten
KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel    310.788.4471 fax

# COURT'S INSTRUCTION NO. 31.

## Deadlocked Jury

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case. I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you consider the evidence impartially with your fellow jurors. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong. However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of your fellow jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict. Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now retire and continue your deliberations.

**Source/Authority:**        Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 3.5

**Modification:**            N/A

---

**[PROPOSED] SET OF JOINTLY-AGREED UPON JURY INSTRUCTIONS**

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

# COURT'S INSTRUCTION NO. 37.

## Damages - Proof

It is the duty of the Court to instruct you about the measure of damages.

[Plaintiffs have] the burden of proving damages by a preponderance of the evidence. [This means you must be persuaded by the evidence that it is more probably true than not true that Plaintiffs have sustained the damages they claim].

Damages means the amount of money that will reasonably and fairly compensate [Plaintiffs] for   injury you find was caused by [Defendants]. The following list includes components of the damages amounts that will be awarded to [Plaintiffs]:

[1.   Fair market value of the use of Michael Jackson's copyrights, and name, likeness, and image used by Defendants without Plaintiffs' permission]

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Source/Authority**:   Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) Nos. 1.3, 5.1; Court's Order of August 10, 2012.

**Modification:**   Yes, selected from optional language, made modifications in brackets, and revised in light of the Court's Order granting partial summary judgment/summary judgment in favor of Plaintiffs.

[PROPOSED] SET OF JOINTLY-AGREED UPON JURY INSTRUCTIONS

**COURT'S INSTRUCTION NO. 32.**

**Preliminary Instruction—Trademark**

The court has previously ruled that Defendants Howard Mann, Sonia Lowe, DC Netcast Media Group, Inc., Vintage Pop Media Group, LLC, Vintage Pop, Inc., and Vintage Associates, LLC., violated the Lanham Act by including a depiction of Michael Jackson performing the "Smooth Criminal Lien" in its corporate logo and registering domain names that are likely to cause confusion with the public regarding defendants connection with the Estate.  Plaintiffs John Branca and John McClain, executors of the Estate of Michael Jackson, assert the right to compensatory damages for these violations.


**Source/Authority:**          Instruction No. 15.0, Ninth Circuit Manual of Model Jury Instructions – Civil (Jan. 2012 ed.).

**Modification:**          Modified to identify the parties and pertinent issues

Katten

KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

**[PROPOSED] SET OF JOINTLY-AGREED UPON JURY INSTRUCTIONS**

## COURT'S INSTRUCTION NO. 33.

### Trademark Damages –Plaintiffs' Actual Damages (15 U.S.C. §1117(a))

[Because the Court already found in favor of Plaintiffs on their trademark claim based on use of an image of Michael Jackson in Defendants' corporate logo], you must determine [Plaintiffs'] actual damages.

[Plaintiffs' damages can be measured by a hypothetical licensing royalty.] The following amount is to be included in Plaintiffs' damages:

[The reasonable royalty rate of the use of an image of Michael Jackson in Defendants' corporate  logo and all other material.]


**Source/Authority:**       Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 15.25; *Playboy Enterprises, Inc. v. Baccarat Clothing Co., Inc.*, 692 F.2d 1272 (9th Cir. 1982).

**Modification:**            Yes, selected from optional language and made modifications in brackets.

**[PROPOSED] SET OF JOINTLY-AGREED UPON JURY INSTRUCTIONS**

## COURT'S INSTRUCTION NO. 34.

### Copyright – Damages (17 U.S.C. § 504)

[Because the Court already found for Plaintiffs on their copyright claims, based on the unauthorized use of "This Is It" key art, content from the 25th Anniversary of Thriller and the song "Destiny",] you must determine [Plaintiffs'] damages [sustained by reason of Defendants' copyright infringement]. [Plaintiffs] are entitled to recover the actual damages suffered as a result of the infringement. [Plaintiffs] must prove damages by a preponderance of the evidence.

**Source/Authority:**        Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 17.22

**Modification:**           Yes, selected from optional language and made modifications in brackets.

**[PROPOSED] SET OF JOINTLY-AGREED UPON JURY INSTRUCTIONS**

**COURT'S INSTRUCTION NO. 35.**

*Violation Of California Statute – Use Of Name Or Likeness*

The court has found that Defendants have violated Plaintiffs' rights of publicity. To establish this claim, the court has found that:

1. That Defendants knowingly used Michael Jackson's name, image and likeness on merchandise or to advertise or sell products or services;

2. That Defendants did not have Plaintiffs' consent;

3. That Defendants' use of Michael Jackson's name, image and likeness was directly connected to Defendants' commercial purpose;

4. That the use did not occur in connection with a public affairs fair use right.

5. That Defendants knew the [advertising] was false or that Defendants acted with knowledge or in reckless disregard of its falsity;

6. That Plaintiffs were harmed; and

7. That Defendants' conduct was a substantial factor in causing Plaintiffs' harm.

**Source/Authority:**     California Civil Jury Instructions 1804; 2003 edition.

**Modification:**     Modified to reflect judgment entered.

**[PROPOSED] SET OF JOINTLY-AGREED UPON JURY INSTRUCTIONS**