**KATTEN MUCHIN ROSENMAN LLP**
Zia F. Modabber (SBN 137388)
 zia.modabber@kattenlaw.com
Tami Kameda Sims (SBN 245628)
 tami.sims@kattenlaw.com
Sara Karubian (SBN 266219)
 sara.karubian@kattenlaw.com
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone:  310.788.4400
Facsimile:  310.788.4471

**KINSELLA WEITZMAN ISER KUMP
& ALDISERT LLP**
Howard Weitzman (SBN 38723)
 hweitzman@kwikalaw.com
Jeremiah T. Reynolds (SBN 223554)
 jreynolds@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California  90401
Telephone:  310.566.9800
Facsimile:  310.566.9850

Attorneys for John Branca and John McClain,
Executors of the Estate of Michael J. Jackson,
Michael Jackson Company, LLC, MJJ
Productions, Inc. and Optimum Productions

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, CENTRAL DIVISION

| | |
|---|---|
| JOHN BRANCA AND JOHN MCCLAIN, Executors of the Estate of Michael J. Jackson, et al., | CASE NO. CV-11-584 DDP (PJWx) |
| Plaintiffs, | [Hon. Dean D. Pregerson] |
| vs. | **THE PARTIES' DISPUTED JURY INSTRUCTIONS** |
| HOWARD MANN, an individual, et al., | Trial Date:   September 4, 2012 |
| Defendants. | Pre-trial Conference:  August 27, 2012 |
| Vintage Associates, LLC, | |
| Counter-Plaintiff, | |
| vs. | |
| John Branca, John McClain, Executors of the Estate of Michael Jackson, | |
| Counter-Defendants. | |

DISPUTED JURY INSTRUCTIONS

| Number | Title | Source | Page |
|---|---|---|---|
| **PLAINTIFFS' PROPOSED JURY INSTRUCTIONS** | | | |
| 1. | Posture of Case | Court's Order of August 10, 2012 | 3 |
| 2. | Trademark Damages (15 U.S.C. §§ 1117(a), 1125) | 15 U.S.C. § 1117(a); 15 U.S.C. § 1117(a) | 6 |
| 3. | Copyright – Damages – Fair Market Value Of License Is A Component Of Actual Damages (17 U.S.C. § 504(b)) | *Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700 (9th Cir. 2004); *Jarvis v. K2 Inc.*, 486 F.3d 526, 533-34 (9th Cir. 2007); *Mackie v. Rieser*, 296 F.3d 909, 914 (9th Cir. 2002); *Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1174 (9th Cir. 1977) | 9 |
| 4. | California Civil Code Section 3344.1 - Actual Damages | California Civil Code sections 3344, 3344.1; *Solano v. Playgirl, Inc.*, 292 F.3d 1078, 1090 (9th Cir. 2002) | 12 |
| 5. | Cybersquatting - 15 U.S.C. § 1125(d)(1)– Statutory Damages | 15 U.S.C. § 1125(d)(1); 15 U.S.C. § 1117(d); *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072 (C.D. Cal. 2012); *Verizon California, Inc. v. Onlinenic, Inc.*, No. C 08–2832 JF (RS), 2009 WL 2706393, at *3 (N.D.Cal. Aug. 25, 2009) | 15 |
| **DEFENDANTS' PROPOSED JURY INSTRUCTIONS** | | | |
| 6. | Claims and | Instruction No. 1.2, Ninth Circuit Manual of | 20 |

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

| Number | Title | Source | Page |
|---|---|---|---|
| | Defenses | Model Jury Instructions – Civil (Jan. 2012 ed.) | |
| 7. | Preliminary Instruction—Copyright | Instruction No. 17.0, Ninth Circuit Manual of Model Jury Instructions – Civil (Jan. 2012 ed.) | 25 |
| 8. | Copyright—Defined | Instruction No. 17.1, Ninth Circuit Manual of Model Jury Instructions – Civil (Jan. 2012 ed.) | 30 |
| 9. | Copyright Interests—Work Made For Hire | Instruction No. 17.9, Ninth Circuit Manual of Model Jury Instructions – Civil (Jan. 2012 ed.) | 33 |
| 10. | Copyright Infringement | Instruction No. 17.4, Ninth Circuit Manual of Model Jury Instructions – Civil (Jan. 2012 ed.) | 36 |
| 11. | Copyright—Affirmative Defense—Fair Use | Instruction No. 17.5, Ninth Circuit Manual of Model Jury Instructions – Civil (Jan. 2012 ed.) | 39 |
| 12. | Copyright—Damages—Actual Damages | Instruction No. 17.23, Ninth Circuit Manual of Model Jury Instructions – Civil (Jan. 2012 ed.) | 43 |
| 13. | Copyright—Damages—Defendant's Profits | Instruction No. 17.24, Ninth Circuit Manual of Model Jury Instructions – Civil (Jan. 2012 ed.) | 46 |
| 14. | Copyright—Damages—Statutory Damages | Instruction No. 17.25, Ninth Circuit Manual of Model Jury Instructions – Civil (Jan. 2012 ed.) | 50 |

DISPUTED JURY INSTRUCTIONS

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

| Number | Title | Source | Page |
|--------|-------|--------|------|
| 15. | Copyright—Damages—Innocent Infringement | Instruction No. 17.26, Ninth Circuit Manual of Model Jury Instructions – Civil (Jan. 2012 ed.) | 53 |
| 16. | Copyright – Damages – Willful Infringement (17 U.S.C. § 504(c)(2)) | Manual of Model Jury Instructions for the Ninth Circuit (2007 ed.) No. 17.27 | 56 |
| 17. | Preliminary Instruction—Trademark | Instruction No. 15.0, Ninth Circuit Manual of Model Jury Instructions – Civil (Jan. 2012 ed.) | 59 |
| 18. | Trademark Liability—Theories And Policies | Instruction No. 15.4, Ninth Circuit Manual of Model Jury Instructions – Civil (Jan. 2012 ed.) | 62 |
| 19. | Defenses—"Classic" Fair Use | Instruction No. 15.22, Ninth Circuit Manual of Model Jury Instructions – Civil (Jan. 2012 ed.) | 66 |
| 20. | Violation Of Use Of Name Or Likeness - Damages | California Civil Jury Instructions 1820; 2003 edition | 69 |

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Katten**
KattenMuchinRosenmanllp

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

# DISPUTED INSTRUCTIONS PROFFERED BY PLAINTIFFS

1        Pursuant to Local Rule 16.2, Defendants hereby respectfully assert their

2  objections to Plaintiffs' Proposed Jury Instructions as follows.

3  I. Defendants object generally to Plaintiffs' proposed jury instructions to the extent

4  they differ from the instructions contained in Defendants' proposal.

5  II. Defendants assert the following specific objections:

DISPUTED JURY INSTRUCTIONS

## PLAINTIFFS' JURY INSTRUCTION NO. 1.

### Posture of Case

The Court has found in favor of Plaintiffs and against Defendants on, among others, the following claims:

(1) Defendants committed copyright infringement by using Plaintiffs' copyrights in: (1) the "key art" from This Is It, (2) the sound recording of a track called "Destiny," and (3) the 25th Anniversary Special Edition of Michael Jackson's "Thriller" without permission;

(2) The Defendants violated the Lanham Act by using Michael Jackson's image in their corporate logo;

(3) Defendants misappropriated Michael Jackson's name, image, and likeness by using Michael Jackson's name, image, and likeness on their commercial website;

(4) Defendants violated state and federal anti-cybersquatting laws by registering and using domain names using Michael Jackson's name without permission;

Moreover, the Court has found that none of the affirmative defenses raised by Defendants excuse them from liability for their actions.

Because the Court has already found in favor of Plaintiffs on the above claims and on Defendants' affirmative defenses, the jury's sole task is to determine the amount of damages recoverable by Plaintiffs.


**Source/Authority**:        Court's Order of August 10, 2012.

**Modification:**            N/A

**Defendants' Objection to Plaintiffs' Jury Instruction**

Defendants object to this jury instruction on the grounds that there is no source to support this instruction and there are model jury instructions available.  Further, it is an incorrect statement of the facts in that Vintage Associates, LLC affirmative defenses were not decided on summary judgment.

On the other hand, Defendants provide proper instructions address these matters that follow 9th circuit model jury instructions, Nos. 1.2 "Claims and Defenses", 15 "Trademark", 17 "Copyright", and California's model instruction No. 1804 "Use of Name and Likeness".

Katten
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

**Plaintiffs' Statement In Support of Plaintiffs' Jury Instruction**

In the absence of a model instruction, the jury instructions are based on governing case law and the Court's Order on Plaintiffs' Motion for Summary Judgment entered in this case. Defendants' suggested use of instructions concerning "Claims and Defenses" and, in particular, trademark, copyright, and use of name and likeness, are not relevant here because the Court has already determined liability as to those claims.

Moreover, the Court granted Plaintiffs' Motion for Summary Judgment as against all Defendants, and any affirmative defenses of Vintage Associates, LLC or any other Defendant, was required to have been raised in opposition to the Motion for Summary Judgment. *United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 478 (D.C. Cir. 1993); *United States v. Mottolo*, 26 F.3d 261, 263 (1st Cir. 1994) (At summary judgment on the issue of liability, unproffered affirmative defenses to liability normally are deemed abandoned."); *See Pantry, Inc. v. Stop-N-Go Foods, Inc.*, 796 F. Supp. 1164, 1167 (S.D. Ind. 1992) (A summary judgment on the issue of liability encompasses all affirmative defenses and implicitly challenges the non-movant to establish a basis for finding that the defenses are both applicable and supported by the sufficient facts.").

## PLAINTIFFS' JURY INSTRUCTION NO. 2.

### Trademark Damages  (15 U.S.C. §§ 1117(a), 1125)

[Because the Court already found in favor of Plaintiffs on their trademark claim based on use of an image of Michael Jackson in Defendants' corporate logo Plaintiffs] shall be entitled to recover any actual damages sustained by [Plaintiffs]].

**Source/Authority**:          15 U.S.C. § 1117(a); 15 U.S.C. § 1117(a).

**Modification:**          Yes, made modifications in brackets.

1  **Defendants' Objection to Plaintiffs' Jury Instruction**

2      Plaintiffs cite no source to support this jury instruction.

3      Defendants, on the other hand, provide the 9th circuit model instructions on

4  damages to address this issue.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Katten
KattenMuchinRosenmanllp
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

DISPUTED JURY INSTRUCTIONS

1  **Plaintiffs' Statement in Support of Jury Instruction**

2         In the absence of a model instruction, the jury instructions are based on

3  governing case law, including without limitation the Court's Order on Plaintiffs'

4  Motion for Summary Judgment entered in this case.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Katten**
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

## PLAINTIFFS' JURY INSTRUCTION NO. 3.

## Copyright – Damages – Fair Market Value Of License Is A Component Of Actual Damages (17 U.S.C. § 504(b))

You may also consider the fair market value of the use of the copyrighted work to Defendants in assessing Plaintiffs' actual damages caused by Defendants' copyright infringement.  In determining the fair market value of the use of the copyrighted works to Defendants, you may consider what a willing buyer would have been reasonably required to pay to a willing seller for the use of the owner's copyrighted works if the copyrighted works had been properly licensed (before Defendants began actually using the copyrighted works).

**Source/Authority**:        *Polar Bear Productions, Inc. v. Timex Corp*., 384 F.3d 700 (9th Cir. 2004); *Jarvis v. K2 Inc*., 486 F.3d 526, 533-34 (9th Cir. 2007);  *Mackie v. Rieser*, 296 F.3d 909, 914 (9th Cir. 2002); *Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1174 (9th Cir. 1977).

**Modification**:        N/A

1   **Defendants' Objection to Plaintiffs' Jury Instruction**

2

3          Defendants object in that there is no source for this instruction. Instead, it is a

4   legal argument for their theory of damages, which can be presented through their

5   expert witness, opening and closing statement.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **Plaintiffs' Statement In Support of Jury Instruction**

2       The fair market value of the use of a copyrighted work is properly considered as

3  a component of actual damages. *Polar Bear Productions, Inc. v. Timex Corp.*, 384

4  F.3d 700 (9th Cir. 2004); *Jarvis v. K2 Inc.*, 486 F.3d 526, 533-34 (9th Cir. 2007);

5  *Mackie v. Rieser*, 296 F.3d 909, 914 (9th Cir. 2002); *Sid & Marty Krofft Television*

6  *Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1174 (9th Cir. 1977).

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Katten**
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

## PLAINTIFFS' JURY INSTRUCTION NO. 4.

### California Civil Code Section 3344.1 - Actual Damages

Plaintiffs are entitled to actual damages on their claims for violation of publicity rights.  The measure of applicable damages includes the amount of the fair market value of the right to utilize Michael Jackson's name and likeness in the manner in which it was used by Defendants, when it was used by Defendants after Michael Jackson's death.  In other words, the measure of damages includes the monetary value of the use of [Michael Jackson's] name and likeness.

**Source/Authority**:  California Civil Code sections 3344, 3344.1; *Solano v. Playgirl, Inc.*, 292 F.3d 1078, 1090 (9th Cir. 2002).

**Modification:**  N/A.

**Defendants' Objection to Plaintiffs' Jury Instruction**

Plaintiffs provide no source for this instruction.  Defendants, on the other hand, provide the California model instruction No. 1804 to address this issue.

**Katten**
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

1  **Plaintiffs' Statement in Support of Jury Instruction**

2          Plaintiffs are entitled to actual damages on their claim for misappropriation of

3  publicity rights.  California Civil Code sections 3344, 3344.1.  The value of the

4  publicity rights at issue is a proper measure of damages. *Solano v. Playgirl, Inc.*, 292

5  F.3d 1078, 1090 (9th Cir. 2002).

**PLAINTIFFS' JURY INSTRUCTION NO. 5.**

**Cybersquatting - 15 U.S.C. § 1125(d)(1)– Statutory Damages**

The Lanham Act provides for statutory damages for cyberpiracy violations under 15 U.S.C. § 1125(d)(1) in an amount of $1,000 to $100,000 per domain name.

Plaintiffs may recover statutory damages for cyberpiracy violations in addition to actual damages for infringement of their trademark.

Factors to consider to determine a reasonable amount of statutory damages include "the egregiousness or willfulness of the defendant's cybersquatting, the defendant's use of false contact information to conceal its infringing activities, the defendant's status as a 'serial' cybersquatter ... and other behavior by the defendant evidencing an attitude of contempt towards the court of the proceedings."

**Source/Authority**:          15 U.S.C. § 1125(d)(1); 15 U.S.C. § 1117(d); *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072 (C.D. Cal. 2012); *Verizon California, Inc. v. Onlinenic, Inc.,* No. C 08–2832 JF (RS), 2009 WL 2706393, at *3 (N.D.Cal. Aug. 25, 2009).

**Modification**:          N/A

1    **Defendants' Objection to Plaintiffs' Jury Instruction**

2         Plaintiffs provide no authority for this instruction and it is an incorrect

3    statement of the law.  15 U.S.C. 1117(d) clearly provides for an election of damages.

4         On the other hand, defendants have submitted the 9th circuit model instructions

5    on damages under this statute that address this issue correctly.

1  **Plaintiffs' Statement in Support of Jury Instruction**

2      The instruction accurately reflects the remedies available to Plaintiffs as a result

3  of Defendants' violation of 15 U.S.C. § 1125(d)(1), as set forth in 15 U.S.C. § 1117(d)

4  and the cited cases.  *Wecosign, Inc. v. IFG Holdings, Inc*., 845 F. Supp. 2d 1072 (C.D.

5  Cal. 2012); *Verizon California, Inc. v. Onlinenic, Inc.,* No. C 08–2832 JF (RS), 2009

6  WL 2706393, at *3 (N.D.Cal. Aug. 25, 2009).

7

8

9

10

11

12

13

**Katten**
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Katten**
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

# DISPUTED INSTRUCTIONS PROFFERED BY DEFENDANTS

1    Pursuant to Local Rule 16.2 and Judge Pregerson's Procedures Section X.A,

2  Plaintiffs hereby respectfully assert their objections to Defendants' Proposed Jury

3  Instructions as follows.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Katten**
KattenMuchinRosenmanLLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

DISPUTED JURY INSTRUCTIONS

**DEFENDANTS' JURY INSTRUCTION NO. 6.**

**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiffs assert that on their infringement of copyright and rights of publicity claims they are entitled to compensatory damages measured by the fair market value of the defendants' use of the copyrighted material and rights of publicity. Plaintiffs have the burden of proof of establishing these damages.

The plaintiffs assert that on that on their infringement of rights of publicity claims they are entitled to seek as additional components of compensatory damages, not accounted for in the fair market value of use damage figure, the amount of defendants' profits. Plaintiffs have the burden of proof of establishing these damages.

The plaintiffs assert that on their infringement of rights of publicity claim they are entitled to punitive damages. Plaintiffs have the burden of proving their entitlement to these damages by clear and convincing evidence.

In the alternative, Plaintiffs on their infringement of copyright claim seek enhanced statutory damages under the Copyright Act. Plaintiffs have the burden of establishing these damages.

Plaintiffs assert that on their Lanham Act claims they are entitled to additional compensatory damages. Plaintiffs have the burden of proof of establishing these damages.

In the alternative, Plaintiffs on their Lanham Act claims seek enhanced statutory damages under the Lanham Act. Plaintiffs have the burden of proof of establishing these damages.

The defendants deny that plaintiffs are entitled to compensatory, enhanced statutory or punitive damages and also contend that Plaintiffs' copyright claim based on the song "Destiny" is barred because plaintiffs do not have standing to pursue this

claim.  The plaintiffs have the burden of establishing that they have standing to pursue a claim.

The defendants contend that plaintiffs are not entitled to any enhanced statutory damages because they are innocent infringers.  Defendants have to burden of proof on this issue.

Defendants contend that plaintiffs' claims are barred by the doctrine of fair use. Defendants have the burden of proof on this affirmative defense.

Defendants contend that plaintiffs' claims are barred by plaintiffs' failure to join a necessary party.  Defendants have the burden of proof on this affirmative defense.

**Source/Authority:**          Instruction No. 1.2, Ninth Circuit Manual of Model Jury Instructions – Civil (Jan. 2012 ed.).

**Modification:**          Modified.

**Plaintiffs' Statement Objecting To Instruction:**

Plaintiffs object to Defendants' instruction because it erroneously indicates that: (a) Defendants are entitled to raise for the first time at trial new affirmative defenses to claims on which Plaintiffs have already been granted summary judgment; (b) Defendants are entitled to re-litigate issues already decided against them; and (c) Plaintiffs seek lost profits (they do not).

First, Defendants' instruction wrongly asserts that Defendants are entitled to raise the new affirmative defenses of fair use and failure to join a necessary party at trial.  Since disposition on summary judgment would resolve the case as a matter of law, [Defendants] naturally should have briefed dispositive legal defenses . . ." *United Mine Workers of Am. 1974 Pension v. Pittston Co*., 984 F.2d 469, 478 (D.C. Cir. 1993).  Had there been any merit to these "defenses" (there are not), Defendants were required to raise them in opposition to Plaintiffs' motion for summary judgment, but chose not do so.  Consequently, "the failure to raise an affirmative defense in opposition to a motion for summary judgment constitutes an abandonment of the defense."  *United Mine Workers of Am. 1974 Pension v. Pittston Co*., 984 F.2d 469, 478 (D.C. Cir. 1993); *United States v. Mottolo*, 26 F.3d 261, 263 (1st Cir. 1994) (At summary judgment on the issue of liability, unproffered affirmative defenses to liability normally are deemed abandoned."); *See Pantry, Inc. v. Stop-N-Go Foods, Inc*., 796 F. Supp. 1164, 1167 (S.D. Ind. 1992) (A summary judgment on the issue of liability encompasses all affirmative defenses and implicitly challenges the non-movant to establish a basis for finding that the defenses are both applicable and supported by the sufficient facts.").

Accordingly, Defendants are precluded from raising at trial, purportedly "new" affirmative defenses, which they did not raise in opposition to Plaintiffs' motion for summary judgment or, in some instances, in their responsive pleadings.  Specifically, the Mann Defendants never pled the affirmative defenses of fair use or failure to join a necessary party in their Answer, nor did they seek leave to amend their responsive

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

pleading in order to do so.  Thus, these defenses are waived.  *See Enlow v. Salem-Keizer Yellow Cab Co., Inc.*, 389 F.3d 802, 819 (9th Cir. 2004) ("Failure to plead an affirmative defense therefore results in a waiver of that defense.").

Second, Defendants assert that they have a right to re-litigate Plaintiffs' standing to bring the copyright claim on "Destiny."  Plaintiffs' standing for the "Destiny" claim was a part of Plaintiffs' motion for summary judgment.  See Dkt No. 86 (motion for summary judgment at 19:22-24); Dkt No. 87 (Facts no. 87-88).  In Defendants' response to Plaintiffs' Separate Statement in connection with Plaintiffs' motion for summary judgment, Defendants agreed that it was undisputed that Sony owns the rights to Destiny and assigned to Plaintiffs the rights to all claims relating to Destiny.  Dkt No. 98 (Facts No. 87-88).  The Court has already granted summary judgment in favor of Plaintiffs on their copyright claim for "Destiny."  As such, Plaintiffs' standing is an issue that was already raised and resolved in Plaintiffs' favor.

Third, Plaintiffs are not seeking lost profits.  Thus, the instruction regarding lost profits is improper, irrelevant, and will confuse the jury.

Finally, Plaintiffs' proffered jury instruction, Posture of the Case  (Plaintiffs' Instruction No. 1), accurately instructs the jury as to the remaining issues for trial.

DISPUTED JURY INSTRUCTIONS

**<u>Defendants' Statement Supporting The Instruction:</u>**

The plaintiffs did not address Vintage Associates, LLC affirmative defenses in their motion for partial summary judgment and the court did not rule on them.  As such, those defenses are not waived.

Motions for failure to state a claim, for judgment on pleadings and for failure to join parties can be raised at any time, including at trial.  Fed Rules Civ. P. 12(b)(6) and 12(h)(2).  With regard to the standing claim for the "Destiny" sound recording, it is undisputed that Sony assigned only the cause of action to Plaintiffs, which is specifically barred by the Copyright Act and Ninth Circuit case law.  See *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881 (9th Cir. 2005).

**DEFENDANTS' JURY INSTRUCTION NO. 7.**

**PRELIMINARY INSTRUCTION—COPYRIGHT**

The court has previously ruled that Plaintiffs John Branca and John McClain, executors of the Estate of Michael Jackson, and Michael Jackson Company LLC, own, or control, copyrights in images to the film *This is It*, the sound recording *Destiny* and the content of the 25th Anniversary Edition of *Thriller* and that Defendants Howard Mann, Sonia Lowe; DC Netcast Media Group, Inc., Vintage Pop Media Group, LLC, Vintage Pop, Inc., and Vintage Associates, LLC., infringed on these copyrights.  These plaintiffs seek damages for this infringement of compensatory and, in the alternative, enhanced statutory damages.  Defendants deny that plaintiffs are entitled to compensatory or enhance statutory damages and contend these plaintiffs do not have standing to bring a copyright action regarding the sound recording *Destiny*, that they are innocent infringers, that the use of the copyrights was covered under the doctrine of "fair use." To help you understand the evidence in this case, I will explain some of the legal terms you will hear during this trial.


**DEFINITION OF COPYRIGHT**

The owner of a copyright has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time.

Copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, mask works fixed in semiconductor chip products, or a computer program.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles or discoveries cannot themselves be copyrighted.

The copyrighted work must be original. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

## HOW COPYRIGHT IS OBTAINED

Copyright automatically exists in a work the moment it is fixed in any tangible medium of expression. The owner of the copyright may register the copyright by delivering to the Copyright Office of the Library of Congress a copy of the copyrighted work. After examination and a determination that the material deposited constitutes copyrightable subject matter and that legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.

## LIABILITY FOR INFRINGEMENT

One who reproduces or prepares derivative works from a copyrighted work without authority from the copyright owner during the term of the copyright, infringes the copyright.

## DEFENSES TO INFRINGEMENT

The defendants contend that they did not believe they were committing copyright infringement, because they reasonably believed they had certain rights and/or otherwise were protected by the fair use doctrine.

**Source/Authority:**          Instruction No. 17.0, Ninth Circuit Manual of Model Jury Instructions – Civil (Jan. 2012 ed.).

**Modification:**          Modified to supply names, supply defense, fill in blanks, and remove paragraphs regarding copyright interests and non-direct infringement.

**Plaintiffs' Statement Objecting To Instruction:**

Plaintiffs object to Defendants' instruction because it erroneously indicates that: (a) Defendants are entitled to raise for the first time at trial the new affirmative defense of fair use; (b) Defendants are entitled to re-litigate the issue of Plaintiffs' standing to bring "Destiny" which has already been decided against them; and (c) Plaintiffs seek statutory damages (they do not).

First, Defendants' instruction wrongly asserts that Defendants are entitled to raise the new affirmative defense of fair use at trial. Since disposition on summary judgment would resolve the case as a matter of law, [Defendants] naturally should have briefed dispositive legal defenses . . ." *United Mine Workers of Am. 1974 Pension v. Pittston Co*., 984 F.2d 469, 478 (D.C. Cir. 1993). Consequently, "the failure to raise an affirmative defense in opposition to a motion for summary judgment constitutes an abandonment of the defense." *Id.*; *United States v. Mottolo*, 26 F.3d 261, 263 (1st Cir. 1994) (At summary judgment on the issue of liability, unproffered affirmative defenses to liability normally are deemed abandoned.").

Accordingly, Defendants are precluded from raising at trial, the defense of fair use, which they did not raise in opposition to Plaintiffs' motion for summary judgment or, in some instances, in their responsive pleadings. Specifically, the Mann Defendants never pled the affirmative defenses of fair use or failure to join a necessary party in their Answer, nor did they seek leave to amend their responsive pleading in order to do so. Thus, these defenses are waived. *See Enlow v. Salem-Keizer Yellow Cab Co., Inc*., 389 F.3d 802, 819 (9th Cir. 2004) ("Failure to plead an affirmative defense therefore results in a waiver of that defense.").

Second, Defendants assert that they have a right to re-litigate Plaintiffs' standing to bring the copyright claim on "Destiny." Plaintiffs' standing for the "Destiny" claim was a part of Plaintiffs' motion for summary judgment. See Dkt No. 86 (motion for summary judgment at 19:22-24); Dkt No. 87 (Facts no. 87-88). In Defendants' response to Plaintiffs' Separate Statement in connection with Plaintiffs'

Katten
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

motion for summary judgment, Defendants agreed that it was undisputed that Sony owns the rights to Destiny and assigned to Plaintiffs the rights to all claims relating to Destiny.  Dkt No. 98 (Facts No. 87-88).  The Court has already granted summary judgment in favor of Plaintiffs on their copyright claim for "Destiny."  As such, Plaintiffs' standing is an issue that was already raised and resolved in Plaintiffs' favor.

Third, Plaintiffs are not pursuing statutory damages for their copyright claims. Accordingly, the issue of whether Defendants were alleged "innocent infringers" is Thus, Defendants' instruction is improper and unnecessary.

Katten
Katten Muchin Rosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

**<u>Defendants' Statement Supporting The Instruction:</u>**

The plaintiffs did not address Vintage Associates, LLC affirmative defenses in their motion for partial summary judgment and the court did not rule on them.  As such, those defenses are not waived.

Motions for failure to state a claim, for judgment on pleadings and for failure to join parties can be raised at any time, including at trial.  Fed Rules Civ. P. 12(b)(6) and 12(h)(2).  With regard to the standing claim for the "Destiny" sound recording, it is undisputed that Sony assigned only the cause of action to Plaintiffs, which is specifically barred by the Copyright Act and Ninth Circuit case law.  See  *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881 (9th Cir. 2005).

The issue of innocent infringement goes directly to the heart of Plaintiffs' claim for punitive damages. Moreover, the election of statutory damages for infringement can be made at trial and their assertion of not seeking statutory damages in this objection is not adequate reassurance to not be prepared to defend those claims.

## DEFENDANTS' JURY INSTRUCTION NO. 8.
## COPYRIGHT—DEFINED

Copyright is the exclusive right to copy. This right to copy includes the exclusive rights to:

(1) authorize, or make additional copies, or otherwise] reproduce the copyrighted work in phonorecords;

(2) recast, transform, or adapt the work, that is, prepare derivative works based upon the copyrighted work;

(3) distribute sound recordings of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;

(4) perform publicly a copyrighted musical work;

(5) display publicly a copyrighted musical work; and

(6) perform a sound recording by means of digital audio transmission.

It is the owner of a copyright who may exercise these exclusive rights to copy.

The term "owner" includes the author of the work, an assignee, or an exclusive licensee. In general, copyright law protects against production, adaptation, distribution, performance, or display of substantially similar copies of the owner's copyrighted work without the owner's permission. An owner may enforce these rights to exclude others in an action for copyright infringement.

**Source/Authority:**        Instruction No. 17.1, Ninth Circuit Manual of Model Jury Instructions – Civil (Jan. 2012 ed.).

**Modification:**        Modified to delete references to non-musical audiovisual works, and to remove the final sentence in brackets.

**Plaintiffs' Statement Objecting To Instruction:**

The Court has already found in favor of Plaintiffs on their copyright infringement claims.  As such, this instruction contains extraneous information and is not irrelevant to the jury's assessment of damages.

1  **Defendants' Statement Supporting The Instruction:**

2      In order for the jury to assess potential damages, they need to understand what

3  copyrights are and what constitutes infringement.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

## DEFENDANTS' JURY INSTRUCTION NO. 9.

## COPYRIGHT INTERESTS —WORK MADE FOR HIRE

3
4

A copyright owner is entitled to exclude others from copying a work made for hire.

5
6

A work made for hire is one that is prepared by an employee in carrying out the employer's business.

7
8

The employer is considered to be the author of the work and owns the copyright.

9
10
11

**Source/Authority:**        Instruction No. 17.9, Ninth Circuit Manual of Model Jury Instructions – Civil (Jan. 2012 ed.).

12
13

**Modification:**            Modified to delete optional bracket language and final sentence.

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Katten
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

**<u>Plaintiffs' Statement Objecting To Instruction:</u>**

The Court has already found in favor of Plaintiffs on their copyright infringement claims.  Moreover, the Court has already rejected Defendants' argument that the works at issue were works for hire.  As such, this instruction contains extraneous information and is not irrelevant to the jury's assessment of damages.

**<u>Defendants' Statement Supporting The Instruction:</u>**

In order for the jury to assess Plaintiffs' claim for punitive damages, it is important for them to understand this concept as it relates to Defendants' good faith belief in their ownership of certain intellectual property rights.

## DEFENDANTS' JURY INSTRUCTION NO. 10.

## COPYRIGHT INFRINGEMENT

The court has found that plaintiffs have infringed. However, to assist with your determination on awarding damages, the following is a description of what is required to prove the claim, as well as how the defendants' belief that he had certain affirmative defenses, that if true, would have prevented a finding of infringement.

Anyone who copies original elements of a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On the plaintiff's copyright infringement claim, the plaintiff has the burden of proving both of the following by a preponderance of the evidence:

1. the plaintiff is the owner of a valid copyright; and

2. the defendants copied original elements from the copyrighted work.

If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff, unless you also find that the defendants have proved an affirmative defense. If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.


**Source/Authority:**          Instruction No. 17.4, Ninth Circuit Manual of Model Jury Instructions – Civil (Jan. 2012 ed.).

**Modification:**               Modified to add the introduction paragraph and the language, "unless you also find that the defendants have proved an affirmative defense."

1    **<u>Plaintiffs' Statement Objecting To Instruction:</u>**

2        The Court has already found in favor of Plaintiffs on their copyright

3    infringement claims.  Further, the Court granted summary judgment on each of

4    Defendants' affirmative defenses.  At this point, it is completely irrelevant as to what

5    would have prevented a finding of infringement.  As such, this instruction contains

6    extraneous information and would serve only to confuse the jury.

**<u>Defendants' Statement Supporting The Instruction:</u>**

The plaintiffs did not address Vintage Associates, LLC affirmative defenses in their motion for partial summary judgment and the court did not rule on them.  As such, those defenses are not waived.

Motions for failure to state a claim, for judgment on pleadings and for failure to join parties can be raised at any time, including at trial.  Fed Rules Civ. P. 12(b)(6) and 12(h)(2).  With regard to the standing claim for the "Destiny" sound recording, it is undisputed that Sony assigned only the cause of action to Plaintiffs, which is specifically barred by the Copyright Act and Ninth Circuit case law.  See *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881 (9th Cir. 2005).

The issue of innocent infringement goes directly to the heart of Plaintiffs' claim for punitive damages.   In order for the jury to assess Plaintiffs' claim for punitive damages, it is important for them to understand this concept as it relates to Defendants' good faith belief in their ownership of certain intellectual property rights.

## DEFENDANTS' JURY INSTRUCTION NO. 11.

## COPYRIGHT—AFFIRMATIVE DEFENSE—FAIR USE

One who is not the owner of the copyright may use the copyrighted work in a reasonable way under the circumstances without the consent of the copyright owner if it would advance the public interest. Such use of a copyrighted work is called a fair use. The owner of a copyright cannot prevent others from making a fair use of the owner's copyrighted work.

Defendants contend they believed that they made fair use of the copyrighted work for the purpose of promoting a public interest in creating a fan-based tribute site in association with marketing its primary product, protected by the fair use doctrine.

The defendant has the burden of proving this defense by a preponderance of the evidence.

In determining whether the use made of the work was fair, you should consider the

following factors:

1. the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;

2. the nature of the copyrighted work;

3. the amount and substantiality of the portion used in relation to the copyrighted work as a whole;

4. the effect of the use upon the potential market for or value of the copyrighted work; and

If you find that the defendant proved by a preponderance of the evidence that they believed they made a fair use of the plaintiff's work, you should find the defendants innocent infringers and award the minimum statutory amount in damages.

**Source/Authority:**        Instruction No. 17.5, Ninth Circuit Manual of Model Jury Instructions – Civil (Jan. 2012 ed.).

**Modification:** Modified to explain that the defendants were acting under belief that they were protected by the fair use doctrine.

**Plaintiffs' Statement Objecting To Instruction:**

Defendants are not entitled to present an affirmative defense of "fair use" at trial.  The Court already granted summary judgment in favor of Plaintiffs on their copyright claims.  Since disposition on summary judgment would resolve the case as a matter of law, [Defendants] naturally should have briefed dispositive legal defenses . . ."  *United Mine Workers of Am. 1974 Pension v. Pittston Co*., 984 F.2d 469, 478 (D.C. Cir. 1993).  Consequently, "the failure to raise an affirmative defense in opposition to a motion for summary judgment constitutes an abandonment of the defense." *Id.*; *United States v. Mottolo*, 26 F.3d 261, 263 (1st Cir. 1994) (At summary judgment on the issue of liability, unproffered affirmative defenses to liability normally are deemed abandoned.").

Accordingly, Defendants are precluded from raising at trial, the affirmative defense of fair use, which they did not raise in opposition to Plaintiffs' motion for summary judgment.  Moreover, the Mann Defendants never pled this defense, thus, they waived it at the outset.  *See Enlow v. Salem-Keizer Yellow Cab Co., Inc*., 389 F.3d 802, 819 (9th Cir. 2004) ("Failure to plead an affirmative defense therefore results in a waiver of that defense.").  Had there been any merit to this defense (there is not), Defendants were required to raise fair use in opposition to Plaintiffs' motion for summary judgment, but they chose not do so.  *See Pantry, Inc. v. Stop-N-Go Foods, Inc*., 796 F. Supp. 1164, 1167 (S.D. Ind. 1992) (A summary judgment on the issue of liability encompasses all affirmative defenses and implicitly challenges the non-movant to establish a basis for finding that the defenses are both applicable and supported by the sufficient facts.").  Thus, Defendants' instruction is improper and unnecessary.

**<u>Defendants' Statement Supporting The Instruction:</u>**

The plaintiffs did not address Vintage Associates, LLC affirmative defenses in their motion for partial summary judgment and the court did not rule on them.  As such, those defenses are not waived.

The issue of innocent infringement goes directly to the heart of Plaintiffs' claim for punitive damages.   In order for the jury to assess Plaintiffs' claim for punitive damages, it is important for them to understand this concept as it relates to Defendants' good faith belief in their ownership of certain intellectual property rights.

## DEFENDANTS' JURY INSTRUCTION NO. 12.

## COPYRIGHT—DAMAGES—ACTUAL DAMAGES

The copyright owner is entitled to recover the actual damages suffered as a result of the infringement. Actual damages means the amount of money adequate to compensate the copyright owner for the reduction of the fair market value of the copyrighted work caused by the infringement. The reduction of the fair market value of the copyrighted work is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by the defendants of the plaintiff's work. That amount also could be represented by the lost license fees the plaintiff would have received for the defendants' unauthorized use of the plaintiff's work.

**Source/Authority:**      Instruction No. 17.23, Ninth Circuit Manual of Model Jury Instructions – Civil (Jan. 2012 ed.).

**Modification:**      Modified only to pluralize references to "the defendant."

**<u>Plaintiffs' Statement Objecting To Instruction:</u>**

This instruction does not accurately describe the actual damages Plaintiffs seek to recover, and confuses the concepts of loss of value in copyrighted work and the value of lost license fees for the infringing uses.  Plaintiffs' do not seek reduction in value of copyright damages, but do seek the value of license fee that would have been obtained in a negotiation for use of Plaintiffs. Thus, the instruction is confusing. Plaintiffs' proposed jury instruction accurately describes the proper instruction for actual damages sought.

**<u>Defendants' Statement Supporting The Instruction:</u>**

This is an unmodified 9th circuit jury instruction on actual damages.

## DEFENDANTS' JURY INSTRUCTION NO. 13.

## COPYRIGHT—DAMAGES—DEFENDANT'S PROFITS

In addition to actual damages, the plaintiff is also entitled to recover from each defendant any profits of that defendant that are attributable to the infringement.

For each and every defendant that you find is liable for infringing the plaintiff's work, you must make a separate determination of that defendant's illegal profits. Each such defendant is liable only for his or her own illegal profits.

You may not include in an award of profits any amount that you took into account in determining actual damages.

A defendant's profit is determined by subtracting all expenses from that defendant's gross revenue.

A defendant's gross revenue is all of the defendant's receipts from the sale of a work containing or using the copyrighted work. The plaintiff has the burden of proving each defendant's gross revenue by a preponderance of the evidence.

Expenses are all operating costs, overhead costs, and production costs incurred in producing the defendant's gross revenue. A defendant has the burden of proving his or her expenses by a preponderance of the evidence.

After you have determined a defendant's profit, you must determine what portion of that profit, if any, is not attributable to the infringement.

Unless you find that a portion of the profit from the sale of a work containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement. The defendant has the burden of proving the portion or percentage of the profit, if any, that is attributable to factors other than infringing the copyrighted work.

**Source/Authority:**        Instruction No. 17.24, Ninth Circuit Manual of Model Jury Instructions – Civil (Jan. 2012 ed.).

**Modification:**        Modified to refer to the profits of "each" defendant rather than "the" defendant, as there are seven defendants (additions at lines 7-9); changed

Katten

KattenMuchinRosenmanLLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

1    subsequent references from "the" defendant to "a" defendant. Modified to add

2    instruction that the jury determine illegal profits for each defendant. See Comment to

3    Instruction No. 17.24; Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 772 F.2d

4    505, 519 (9th Cir. 1985). Modified to delete sentence regarding "causal relationship"

5    or "nexus," as that relates to a theory of "indirect profits" that is not at issue here.

6    Modified to more clearly and accurately state the jury's obligation to determine

7    whether portions of a defendant's profits are not attributable to the infringement

8    (additions at lines 25-26).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

1    **<u>Plaintiffs' Statement Objecting To Instruction:</u>**

2         This instruction is improper because Plaintiffs do not seek to recover

3    Defendants' profits as part of their copyright damages.  Moreover, it is improper

4    because all Defendants have been found liable, and are jointly and severally liable for

5    all damages.  *See* 14A Cal. Jur. 3d § 82 (The "joint-and-several-liability doctrine . . .

6    applies with respect to a plaintiff's economic damages."); 18 C.J.S. Copyrights § 104

7    ("Where two or more persons join in or contribute to a single copyright infringement,

8    they are all jointly and severally liable for actual damages.").

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Katten
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

**<u>Defendants' Statement Supporting The Instruction:</u>**

The California Supreme Court expressly stated in *Thomson v. Catalina* (1928) 205 Cal. 402 that it was proper for a trial court to instruct a jury to award punitive damages in different amounts against different defendants.

1
2

## DEFENDANTS' JURY INSTRUCTION NO. 14.

## COPYRIGHT—DAMAGES—STATUTORY DAMAGES

3
4
5
6

If you find for the plaintiff on the plaintiff's copyright infringement claim, you must determine the plaintiff's damages. The plaintiff seeks a statutory damage award, established by Congress for the work infringed. Its purpose is to penalize the infringer and deter future violations of the copyright laws.

7
8

The amount you may award as statutory damages is not less than $750, nor more than $30,000 for each work you conclude was infringed.

9
10

However, if you find the infringement was innocent, you may award as little as $200 for each work innocently infringed.

11
12

However, if you find the infringement was willful, you may award as much as $150,000 for each work willfully infringed.

13
14

Instructions ___ and ___ will tell you what constitutes innocent infringement and what constitutes willful infringement.

15
16

**Source/Authority:**          Instruction No. 17.25, Ninth Circuit Manual of Model Jury Instructions – Civil (Jan. 2012 ed.).

17

**Modification:**               Unmodified.

18
19
20
21
22
23
24
25
26
27
28

Katten
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

1   **<u>Plaintiffs' Statement Objecting To Instruction:</u>**

2       This instruction is unnecessary because Plaintiffs do not seek to recover

3   statutory damages as part of their copyright damages.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DISPUTED JURY INSTRUCTIONS

1

**<u>Defendants' Statement Supporting The Instruction:</u>**

2

  The issue of innocent infringement goes directly to the heart of Plaintiffs' claim

3

for punitive damages. Moreover, the election of statutory damages for infringement

4

can be made at trial and their assertion of not seeking statutory damages in this

5

objection is not adequate reassurance to not be prepared to defend those claims.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Katten
KattenMuchinRosenmanLLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

DISPUTED JURY INSTRUCTIONS

**DEFENDANTS' JURY INSTRUCTION NO. 15.**

**COPYRIGHT—DAMAGES—INNOCENT INFRINGEMENT**

An infringement is considered innocent when the defendant has proved both of the following elements by a preponderance of the evidence:

1. the defendant was not aware that his or her acts constituted infringement of the copyright; and

2. the defendant had no reason to believe that his or her acts constituted an infringement of the copyright.

**Source/Authority:**      Instruction No. 17.26, Ninth Circuit Manual of Model Jury Instructions – Civil (Jan. 2012 ed.).

**Modification:**      Unmodified.

**<u>Plaintiffs' Statement Objecting To Instruction:</u>**

Plaintiffs are not asking for statutory damages on their copyright claims. Accordingly, the instruction regarding Defendants' purported innocent infringement is irrelevant and will serve only to confuse the jury.

**Defendants' Statement Supporting The Instruction:**

The issue of innocent infringement goes directly to the heart of Plaintiffs' claim for punitive damages.

Moreover, the election of statutory damages for infringement can be made at trial and their assertion of not seeking statutory damages in this objection is not adequate reassurance to not be prepared to defend those claims.

**DEFENDANTS' JURY INSTRUCTION NO. 16.**

**Copyright – Damages – Willful Infringement (17 U.S.C. § 504(c)(2))**

An infringement is considered willful when the Plaintiffs have proved both of the following elements by a preponderance of the evidence:

    1 [Defendants] engaged in acts that infringed the copyright; and

    2 [Defendants] knew that those acts infringed the copyright.


**Source/Authority:**      Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 ed.) No. 17.27

**Modification:**      Yes, selected from optional language and made modifications in brackets.

**<u>Plaintiffs' Statement Objecting To Instruction:</u>**

Plaintiffs are not asking for statutory damages on their copyright claims. Accordingly, the instruction regarding willful infringement is irrelevant and will serve only to confuse the jury.

**<u>Defendants' Statement Supporting The Instruction:</u>**

The issue of willful infringement goes directly to the heart of Plaintiffs' claim for punitive damages.

Moreover, the election of statutory damages for infringement can be made at trial and their assertion of not seeking statutory damages in this objection is not adequate reassurance to not be prepared to defend those claims.

## DEFENDANTS' JURY INSTRUCTION NO. 17.

## PRELIMINARY INSTRUCTION—TRADEMARK

The court has previously ruled that Defendants Howard Mann, Sonia Lowe, DC Netcast Media Group, Inc., Vintage Pop Media Group, LLC, Vintage Pop, Inc., and Vintage Associates, LLC., violated the Lanham Act by including a depiction of Michael Jackson performing the "Smooth Criminal Lien" in its corporate logo and registering domain names that are likely to cause confusion with the public regarding defendants connection with the Estate.  Plaintiffs John Branca and John McClain, executors of the Estate of Michael Jackson, assert the right to compensatory and enhanced statutory damages for these violations.  Defendants deny that the Estate is entitled to compensatory or enhance statutory damages and contend that they are innocent violators and that use of the "Smooth Criminal Lien" and the subject domain names are covered under the defense of doctrine of "fair use."

**Source/Authority:**          Instruction No. 15.0, Ninth Circuit Manual of Model Jury Instructions – Civil (Jan. 2012 ed.).

**Modification:**               Modified to identify the parties and otherwise present the defenses.  [Plaintiffs further modified to omit reference to evidence that will be heard at trial and definition of trademark.]

**<u>Plaintiffs' Statement Objecting To Instruction:</u>**

Plaintiffs are not asking for statutory damages on their Lanham Act claim. Accordingly, the remark regarding Defendants' purported innocent infringement is irrelevant and will serve only to confuse the jury.

**Defendants' Statement Supporting The Instruction:**

The issue of innocent infringement goes directly to the heart of Plaintiffs' claim for punitive damages.

Moreover, the election of statutory damages for infringement can be made at trial and their assertion of not seeking statutory damages in this objection is not adequate reassurance to not be prepared to defend those claims.

## DEFENDANTS' JURY INSTRUCTION NO. 18.
## TRADEMARK LIABILITY—THEORIES AND POLICIES

The trademark laws balance three often-conflicting goals: 1) protecting the public from being misled about the nature and source of goods and services, so that the consumer is not confused or misled in the market; 2) protecting the rights of a business to identify itself to the public and its reputation in offering goods and services to the public; and 3) protecting the public interest in fair competition in the market.

The balance of these policy objectives vary from case to case, because they may often conflict. Accordingly, each case must be decided by examining its specific facts and circumstances, of which you are to judge.

In my instructions, I will identify types of facts you are to consider in deciding the measure of damages for violating the trademark law. These facts are relevant to whether the defendant is liable for:

[1. infringing plaintiff's registered trademark rights, by using a trademark in a manner likely to cause confusion among consumers][;]

[2. unfairly competing, by using a trademark in a manner likely to cause confusion as to the origin or quality of plaintiff's goods] [;]

[3. unfairly competing, by using trade dress in a manner likely to cause confusion as to the origin or quality of plaintiff's goods] [;]

[4. infringing plaintiff's trade name, by using similar corporate, business or professional names in a manner likely to cause confusion about the source of products in the minds of consumers] [;] [and]

[5. false advertising, by making a false statement that was material and that tended to deceive consumers, injuring the plaintiff in the market].

**Source/Authority:** Instruction No. 15.4, Ninth Circuit Manual of Model Jury Instructions – Civil (Jan. 2012 ed.).

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

**Modification:**          N/A

**<u>Plaintiffs' Statement Objecting To Instruction:</u>**

The Court has already granted Plaintiffs summary judgment on their trademark claim.  As such, this instruction is improper since it suggests that the jury will decide liability.

**<u>Defendants' Statement Supporting The Instruction:</u>**

This instruction explains what trademark infringement constitutes, and is in aid of the jury to determine a proper award of damages, if any.

## DEFENDANTS' JURY INSTRUCTION NO. 19.

## DEFENSES—"CLASSIC" FAIR USE

The owner of a trademark cannot exclude others from making a fair use of that trademark. A defendant makes fair use of a mark when the defendant uses it as other than a trademark, to accurately describe the [maker of] the defendant's own product. The defendant contends that it fairly used the trademark to describe the defendant's product. The defendant has the burden of proving its fair use of the mark by a preponderance of the evidence. The defendant makes fair use of a trademark when the defendant:

1. used the mark [other than as a trademark] [other than to distinguish the defendant's goods from the plaintiff's and to indicate the source of the defendant's goods];

2. used the mark fairly and in good faith; and

3. used the mark only to describe the defendant's goods or services [or their geographic location] as those of the defendant's [and not at all to describe the plaintiff's product].

**Source/Authority:**       Instruction No. 15.22, Ninth Circuit Manual of Model Jury Instructions – Civil (Jan. 2012 ed.).

**Modification:**       Modified to delete optional bracket language.

**Plaintiffs' Statement Objecting To Instruction:**

Defendants are not entitled to present an affirmative defense of "fair use." The Court already granted summary judgment in favor of Plaintiffs on their copyright claims.  Since disposition on summary judgment would resolve the case as a matter of law, [Defendants] naturally should have briefed dispositive legal defenses . . ." *United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 478 (D.C. Cir. 1993).  Consequently, "the failure to raise an affirmative defense in opposition to a motion for summary judgment constitutes an abandonment of the defense." *Id.*; *United States v. Mottolo*, 26 F.3d 261, 263 (1st Cir. 1994) (At summary judgment on the issue of liability, unproffered affirmative defenses to liability normally are deemed abandoned."). Accordingly, Defendants are precluded from raising at trial, the affirmative defense of fair use, which they did not raise in opposition to Plaintiffs' motion for summary judgment.

Moreover, the Mann Defendants never pled this defense; thus, they waived it at the outset.  *See Enlow v. Salem-Keizer Yellow Cab Co., Inc.*, 389 F.3d 802, 819 (9th Cir. 2004) ("Failure to plead an affirmative defense therefore results in a waiver of that defense.").  Had there been any merit to this defense (there is not), Defendants were required to raise fair use in opposition to Plaintiffs' motion for summary judgment, but they chose not do so.  *See Pantry, Inc. v. Stop-N-Go Foods, Inc.*, 796 F. Supp. 1164, 1167 (S.D. Ind. 1992) (A summary judgment on the issue of liability encompasses all affirmative defenses and implicitly challenges the non-movant to establish a basis for finding that the defenses are both applicable and supported by the sufficient facts.").  Thus, Defendants' instruction is improper and unnecessary.

**<u>Defendants' Statement Supporting The Instruction:</u>**

In order for the jury to assess Plaintiffs' claim for punitive damages, it is important for them to understand this concept as it relates to Defendants' good faith belief that they were in compliance with the law under this doctrine.

**Katten**
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

**DEFENDANTS' JURY INSTRUCTION NO. 20.**

**VIOLATION OF USE OF NAME OR LIKENESS - DAMAGES**

While the court has decided that Plaintiffs have proved their claim against Defendants, you must decide how much money will reasonably compensate Plaintiffs for the harm. This compensation is called "damages."

The amount of damages must include an award for all harm that was caused by Defendants, even if the particular harm could not have been anticipated. Plaintiffs must prove the amount of damages. However, Plaintiff does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

Plaintiffs are claiming damages to the commercial value of Michael Jackson's name or likeness;

No fixed standard exists for deciding the amount of damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

**Source/Authority:**      California Civil Jury Instructions 1820; 2003 edition.

**Modification:**          Modified to identify Michael Jackson.

**<u>Plaintiffs' Statement Objecting To Instruction:</u>**

       This instruction does not accurately describe the damages Plaintiffs claim. Plaintiffs proposed jury instruction accurately describes the damages being sought as the loss of the license fees that would have been obtained for the infringing uses.

**Katten**
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

DISPUTED JURY INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Katten**
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

**Defendants' Statement Supporting The Instruction:**

  This is the California Model Jury Instruction, modified only to identify the celebrity, Michael Jackson.

DISPUTED JURY INSTRUCTIONS